Moore *vs.* The State—Crenshaw *vs.* The State.

## MOORE *vs.* THE STATE OF GEORGIA.

[WARNER, Chief Justice, being engaged in presiding over the ssenate organized as a court of impeachment, did not sit in this case.]

1. Where a nurse left the home of a child two years old with the child, and on her return with it the child bore marks on its person of having been severely whipped, the child being sound and well and free from all such marks when carried out by the nurse, the evidence to the effect above stated is sufficient to support a verdict of guilty of assault and battery against the nurse, and the charge of the court having presented the law of circumstantial evidence fully and correctly to the jury, that verdict will be upheld.

2. In such a case a request to charge "that the absence of a motive for the commission of the crime charged upon the part of defendant is a circumstance that the jury may.consider as favorable to defendant in determining her guilt or innocence," was properly refused, especially as the court fully charged the presumption of innocence and the burden upon the state fully to make out the case beyond a reasonable doubt and with evidence so strong as to exclude every other reasonable hypothesis but the guilt of defendant.

JACKSON, Justice.

---

## CRENSHAW *vs.* THE STATE OF GEORGIA.

64b 449
92   48

64b 449
97  207

64b 449
†108  58

64  449
Case 2
119  261

[WARNER, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

The indictment charged the stealing of "one blue hog, to-wit, a sow weighing about one hundred and forty pounds, and having the marks following, to-wit, a swallow fork in the right ear and a smooth crop in the left ear." The description proved at the trial differed from the foregoing in two respects; first, the sow, though blue, had a narrow white list around her; and, secondly, the left ear bore the swallow fork, and the right ear the smooth crop.

*Held,* that the narrow white list did not conflict with the general description as to color given in the indictment; but that the ear-marks proved varied materially from those alleged, and for this reason the prisoner was improperly convicted. Though it was unnecessary to have described the animal by the ear-marks, yet the descriptive terms of the indictment having gone to this extent, the burden was assumed of proving the specific marks alleged. Ros.. Cr. Ev., 192; 2 Russ. on Crimes, 788; 15 Me., 476; 50 *Ga.,* 591.

BLECKLEY, Justice.