## WILEY *vs.* THE STATE OF GEORGIA.

Where an indictment charged a defendant with having stolen a white barrow hog, marked with a crop and underbit in each ear, and the prosecutor testified to having lost a white barrow hog with a crop in each ear, and there was no further identification of the stolen property, this was not sufficient to warrant a verdict of guilty. It is incumbent on the state to show that the property alleged to have been stolen was, in fact, stolen; and if this is not done, the *corpus delicti* is not established.

Judgment reversed.

March 10, 1884.

BLANDFORD, Justice.

## HART *vs.* SLADE & ETHERIDGE.

1. There was evidence enough to sustain the verdict in this case, and there was no error in refusing to disturb it.
2. General objections to testimony which specify no grounds on which it should be rejected cannot be considered by this court. *Hatcher vs. Bowen (post).*

Judgment affirmed.

February 24, 1885.

HALL, Justice.

## HATCHER *vs.* BOWEN.

Where a party making a motion for new trial was allowed by order until a day named, and at a place designated, to make out a brief of the evidence and perfect his motion for new trial, and it was required that the same should be heard at the time and place named, if nothing was done until that time, and no cause was shown why the motion had not been completed, and the movant or his counsel failed to appear at the place named, but sent word that the latter was engaged in the trial of a capital case pending in an adjoining county and asked for a postponement, there was no error in dismissing the motion for new trial. 59 *Ga.,* 626.

(*a.*) Absence of counsel in attendance on other courts is not a favored ground for a postponement. 72 *Ga.,* 901 ; 74 *Id.,* 220.

(*b.*) Where exception is taken to the admission of evidence, the ground of objection thereto should be stated. 56 *Ga.,* 444.