## McLENDON v. THE STATE.

In order to sustain a conviction of larceny, the evidence must make out the
description of the stolen property as laid in the indictment or accusation,
although such description may have been unnecessarily minute.

Submitted October 19, — Decided November 10, 1904.

Accusation of larceny from the house. Before Judge Longley.
City court of LaGrange. August 8, 1904.

*E. T. Moon*, for plaintiff in error.
*Henry Reeves, solicitor*, contra.

SIMMONS, C. J.   Upon an accusation charging larceny from the
house, McLendon was tried in the city court of LaGrange, before
the judge without the intervention of a jury.   The judge found
the accused guilty, and the latter moved for a new trial upon the
grounds that the judgment was contrary to law and the evidence
and without evidence to support it.   The property alleged to have
been stolen was described in the accusation as " one box of Sweep
Stakes tobacco, five lbs. Dukes mixture smoking tobacco, and one
19-lb. sack Capitola flour."   The accusation also alleged the value
and ownership of these goods.   The evidence showed the theft of
some flour and tobacco, but there was absolutely nothing to show
that the goods were of the brands or kinds set out in the accusa-
tion.   We think it clear that the State failed to make out its case.
It is essential to an indictment or accusation for larceny that the
stolen goods be described with certainty.   It may be that the
accusation in the present case described them with unnecessary
particularity, but, this having been done, the case should have
been proved as laid.   " If a necessary allegation is made unneces-
sarily minute in description, the proof must satisfy the descriptive
as well as main part, since the one is essential to the identity of
the other."   1 Bish. New Crim. Proc. § 485.   See also Clark,
Crim. Proc. 182; *Watson* v. *State*, 64 *Ga.* 61; *Robertson* v. *State*,
97 *Ga.* 206; *Johnson* v. *State*, 119 *Ga.* 257.   Were the rule
otherwise, one could be convicted upon the same evidence under
several indictments which differed in matters of essential descrip-
tion.   Jeopardy under one such indictment is no bar to a prosecu-
tion under another, and more than one conviction for the same
offense is prevented by the rule above laid down.   Another reason

for the rule is that the accused is entitled to information as to the charge against which he must defend; and the essential averments of the indictment must be proved as laid, in order to show the identity of the offense proved with that charged. For these reasons we think that the evidence in the present case, even if in other respects sufficient, did not make out the case against the accused. The verdict should have been set aside and a new trial granted.     *Judgment reversed. All the Justices concur.*