### 5522.   TIMMONS *v.* THE STATE.

RUSSELL, C. J.   1. While (as is frequently the case in such matters) the different witnesses disagreed in describing the color of the cow alleged to have been stolen, there was some evidence, descriptive of the color of the cow, which was substantially conformable to the description in the indictment; and since the comparative weight to be attached to the testimony of the different witnesses is a matter addressed peculiarly and solely to the jury, it can not be said that there was a fatal variance between the allegata and probata.

2. In the absence of an appropriate written request, it is not error to omit to call the attention of the jury specifically to the necessity for a substantially exact agreement between the indictment and the evidence, in the description of a cow alleged to have been stolen.

3. The circumstances in proof corroborative of the testimony of the accomplice were sufficient to dispense with the necessity for a second witness.

4. An instruction that "if the evidence in the case satisfies you beyond a reasonable doubt that the cow described in the indictment was the property of Carrie Lewis, and that the defendant Joe Timmons, acting in concert with Alonzo Washington, in Early county, on or about the date alleged in the indictment, wrongfully and fraudulently took and carried away such cow, with intent to steal, as is charged and alleged in the bill of indictment, then the offense charged against him would be made out and you would be authorized to convict," is not subject to exception upon the ground that the jury probably understood this charge to mean that if they believed the evidence of the accomplice, without more, they would be authorized to convict the defendant.   The exception is wholly without merit, since an examination of the charge shows that the jury were correctly instructed that the defendant could not be legally convicted upon the testimony of the accomplice alone, but that there must either be another witness or sufficient corroborating circumstances to support and uphold the testimony of the accomplice.

5. In the present case the instruction to "take all the testimony in the case, coupled with all the proven circumstances, in connection with the defendant's statement, measuring that statement by the rule of law which the court has given you in charge, determine what the truth of the matter is, and, when you have found what you consider to be the truth, let your verdict voice that truth," is not objectionable as conveying an expression or intimation of opinion, nor upon the ground that the language used tended to induce the jury to act upon the testimony of the alleged accomplice or any other particular witness.

6. Viewed in connection with the charge of the court as a whole, the in-

struction to the jury that "if you believe the defendant is guilty you ought to so find him," is not erroneous for the reason that "this instruction does not restrict the jury as to what amount or what kind of evidence they should base their belief upon." This instruction did not leave the jury free to base their belief upon matter extraneous of the evidence, nor tend to induce them to act upon a certain portion of the testimony to the exclusion of the reminder as contended in the assignment of error.

7. There was evidence which would have warranted the acquittal of the defendant, but the facts and circumstances in evidence authorized his conviction. The trial was free from error, and the judgment of the trial judge in approving the verdict of the jury can not be disturbed.

*Judgment affirmed. Roan, J., absent.*

DECIDED JULY 21, 1914.

Indictment for larceny; from Early superior court—Judge Worrill. February 7, 1914.

*W. D. Sheffield, Erle B. Askew,* for plaintiff in error.

*B. T. Castellow, solicitor-general, R. R. Arnold,* contra.