### 18682.   HAWKINS *v.* THE STATE.

1. The evidence authorized the court's instruction to the jury on the issue of the defendant's aiding and abetting the possession of intoxicating liquor.
2. The evidence authorized the conviction.

DECIDED MARCH 7, 1928.

Possessing intoxicating liquor; from Whitfield superior court— Judge Pittman. November 17, 1927.

*Stafford R. Brooke,* for plaintiff in error.

*John C. Mitchell, solicitor-general,* contra.

LUKE, J. 1. The defendant was convicted of possessing intoxicating liquor, and assigns error on the overruling of his motion for a new trial. The only special ground of the motion alleges that the court erred in charging the jury as follows: "If some other person or persons possessed intoxicating liquors in this county as charged in the bill, and this defendant was present, aiding and abetting, at the time, such other person or persons in their criminal act and participating in their criminal intent, he would be guilty and you ought to so find. If neither of these statements of facts are true, he would not be guilty and you ought to acquit

Criminal Law, 16 C. J. p. 972, n. 75; 17 C. J. p. 271, n. 41.

him." The evidence authorized this charge. The defendant did not deny that liquor was found in his house, but stated that he knew nothing of its being there, and that two other men had recently slept in that room where it was found. There was also evidence that the defendant had "the reputation of allowing liquor to be stored around his place," and a witness swore that he "saw him throw some whisky out as the officers were coming last Satur-- day." All who assist in the commission of misdemeanors are equally guilty as principals.

2. The verdict was authorized by the evidence and was approved by' the trial judge, and, no reversible error of law being shown, the judgment overruling the motion for a new trial is

*Affirmed. Broyles; C. J., concurs. Bloodworth, J., absent on account of illness.*