19577. RICHARDS v. THE STATE.

*H. C. Strickland, Smith & Millican,* for plaintiff in error.
*Emmett Smith, solicitor,* contra.

LUKE, J.   J. P. Richards was convicted of having, controlling, and possessing intoxicating liquors.  His motion for a new trial contained the usual general grounds, and two special grounds, one complaining of the admission of evidence, and the other of the charge of the court.

  The evidence is undisputed that a deputy sheriff and others found a still, with fire burning in the furnace, and hot beer in the still, near a certain branch, and that they then followed the only traveled path leading from the still in the general direction of the defendant's house a distance of one hundred and thirty-five steps, and found the defendant with Ern J. Rooks and Wesley Musik, "surrounded" by twenty-three gallons of whisky in several jugs and a five-gallon keg; and that Musik and Rooks looked "sooty, smoky, and tired," while the defendant looked "cleaned up."   Rooks testified that the whisky was his, and that the defendant had no interest in it.   The defendant stated that he was looking for Musik to tell him what to do with his, the defendant's team; that Mrs. Musik told him her husband was over in the woods; that he accidentally walked up on Musik, Rooks, and the whisky; that the officers suddenly appeared upon the scene; and that he had no interest in the whisky.

  Referring to the transaction under consideration, T. O. Hamrick, the deputy sheriff, testified that the defendant made this statement: "We won't employ counsel, but we will just go up and plead guilty to possessing it."   H. J. Knott understood the defendant's statement to be this:   "Boys, there isn't any use to employ any counsel or to pay out any money; if you are guilty, or if you are caught, there ain't any use of fighting."   Ern J. Rooks's version of what the defendant said is this:   "Ern, if you boys are guilty, you had better just plead guilty and save a lawyer's fee."   The defendant's statement as to what he said is practically the same as Rooks's testimony in that regard.   If the defendant's statement was as Hamrick testified, it was in effect a confession of guilt, and the jury had the

right so to consider it. See *Abrams* v. *State*, 121 *Ga.* 170 (48 S. E. 965). Of course, proof of the corpus delicti authorizes a jury to find that a confession is sufficiently corroborated. See *Kersey* v. *State*, 37 *Ga. App.* 822 (142 S. E. 199). We can not say from the record in this case that there was no evidence to sustain the verdict, and, therefore, we hold that the judge did not err in overruling the general grounds of the motion for a new trial.

The first special ground, complaining of the admission of certain oral evidence over the objection that it was "irrelevant and immaterial," is too general to be considered by this court. See *Herndon* v. *State*, 38 *Ga. App.* 117 (4) (142 S. E. 695) ; *Staples* v. *State*, 37 *Ga. App.* 97 (3) (142 S. E. 747). Such a defective assignment of error can not be perfected by a subsequent statement in the exception setting out reasons why the evidence should have been rejected. See *Edenfield* v. *State*, 37 *Ga. App.* 628 (2) (141 S. E. 220), and cit.

The only other special ground complains of the following charge of the court: "I charge you that in this State there are no accessories in misdemeanor cases, and this is a misdemeanor case you are trying, but each person who knowingly participates in a criminal act which is a misdemeanor is guilty as principal . . If some other person or persons possessed intoxicating liquors in this county as charged in this accusation, and this defendant, Perry Richards, was present, aiding and abetting at the time such other person or persons in their criminal act in such illegal possession, and participating in their criminal intent, he would be guilty, and you should so say by your verdict. If neither of these statements or facts are true, he would not be guilty, and you should acquit him. Therefore, in this case you are trying, if the evidence convinces your mind beyond a reasonable doubt that the accused on the occasion in question was aiding and abetting another who was violating this law of Georgia which prohibits a person from having, controlling, and possessing the liquors which I have hereinbefore enumerated to you, the accused would be guilty, and you should so say by your verdict." It is contended that the charge was prejudicial, first, because there was no pleadings or evidence to authorize it; second, because "it was not a correct statement of law, in that there is no such thing as participating in a criminal intent as charged; third, because it was an expression of opinion by the

court that there was evidence to authorize a finding that there was a joint act by the parties named to violate the law; fourth, because the court expressed an opinion in using the language, 'If neither of these statements of fact are true;' and, fifth, because the evidence did not show that there was any act or intention on the part of the movant to aid and abet any other person in the violation of the law."

The principal part of the quoted excerpt is in the exact language of the charge in *Hawkins* v. *State, 37 Ga. App.* 831 (142 S. E. 214). It is perfectly apparent that the charge was authorized by the evidence, and that it was not erroneous for any reason assigned. *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*