## 25119. MOSLEY *v.* THE STATE.

BROYLES., C. J. 1. "While it is not essential, in an indictment for the larceny of an animal, to describe it by earmarks, yet if this be done, the description must be proved as laid. *Crenshaw* v. *State,* 64 *Ga.* 449. Consequently, where an indictment for the larceny of a hog alleged that it had a crop off the left ear, and a split in the right, and the prosecutor testified that the hog stolen from him had a crop off the right ear and a split in the left, there was a fatal variance; and this variance was not cured by the evidence of another witness who testified that the stolen hog had a crop off one ear and a split in the other, but did not state which ear had the split and which the crop." *Robertson* v. *State,* 97 *Ga.* 206 (2) (22 S. E. 974), cited and approved in *McLendon* v. *State,* 121 *Ga.* 158 (48 S. E. 902). See also, in this connection, *Wright* v. *State,* 52 *Ga. App.* 202 (182 S. E. 862).

2. The indictment in the instant case charged the defendant with the larceny of "one butt-headed red and white colored bull marked smooth-crop in one ear, and underslope and split in the other ear." The undisputed testimony of the owner of the bull was that it was marked "smooth-crop in one ear, and under-bit and split in the other." Under the ruling made in the proceeding note, there was a variance between the allegations

of the indictment and the proof, and the court erred in overruling the motion for new trial.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*

DECIDED FEBRUARY 22, 1936.

*M. W. Eason, R. N. Odum,* for plaintiff in error.
*J.P. Dukes, solicitor-general,* contra.