## 25146. GRUBBS *v.* THE STATE.

DECIDED MAY 27, 1936.

*Guillebeau & Methvin,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, John H. Hudson,* contra.

MacINTYRE, J. The indictment charges that Harvey Grubbs, Ruby Grubbs and Ellery Ludlow stole "one Ford V-8 sedan automobile of the value of $600 and the property of D. O. Martin Jr." Harvey Grubbs was convicted of the offense charged, and his ex-

ception is to the judgment overruling his motion for new trial containing the general grounds and one special ground.

The corpus delicti was clearly proved. Shortly after the automobile was stolen in Fulton county, Georgia, it was found wrecked and abandoned near Villa Rica, Georgia. Soon thereafter, the defendant, his wife, Ruby Grubbs, his brother-in-law, Ellery Ludlow, and a negro drove up in another automobile, got some bundles that were covered with a quilt in some weeds in a field near the wrecked automobile, and drove away. On this occasion, the negro who was driving for the defendant and his party asked a bystander who had a wreck and when did it happen. When the defendant and his wife were arrested in Atlanta shortly after the wreck, they both denied having been in the wrecked automobile, but after Ellery Ludlow had been arrested, the defendant admitted that he was in the automobile and wrecked it.

In his statement to the jury, the defendant said in substance that he had pleaded guilty to two charges of stealing automobiles before, but was doing his best to live down his record; that a Mr. Harry Rosenburgh, whom defendant had known about six months, and who said he lived in Indiana, and whom defendant thought was in the "lottery business," agreed to take the defendant and his wife to Tallapoosa; that upon arriving at that place, Rosenburgh lent the automobile he was in to the defendant, who was to pick up Rosenburgh when he came back through Tallapoosa; that the defendant got his brother-in-law, who had some bedclothes, and came back by Tallapoosa; that arriving at Tallapoosa a little late and not finding Rosenburgh and believing that he had returned to Atlanta by bus, the defendant and party started back to Atlanta; that when they got near Villa Rica the automobile was wrecked, and being short of funds they left the bedclothes in a nearby field, walked to Villa Rica and phoned defendant's brother; that this brother sent an automobile for them and they got the bedclothes from the field and started back to Atlanta; that when the defendant got back to Atlanta and asked Rosenburgh what was to be done about the wrecked automobile, Rosenburgh told him to let it stay, it was "hot;" and that Mr. Barrett offered to turn the defendant's wife and brother-in-law loose if defendant would confess, but that he refused to do so because he was not guilty. The testimony of Mr. Barrett as to certain statements he

said the defendant made about pleading guilty will appear later. We are satisfied that the evidence supports the verdict, and hold that the court did not err in overruling the general grounds of the motion for a new trial.

Error is assigned on an excerpt from the charge of the court (1) because the evidence did not warrant the charge on the law of confessions, and (2) because the charge contained an intimation by the court that a confession had been proved. The rather full charge on the law of confessions begins as follows: "The State contends in this case, which the defendant denies, that the defendant in this case made an admission amounting to a confession. Whether he did so or not is a question for you to determine from the testimony in the case and the defendant's statement. . ." "A confession is a voluntary statement made by a person charged with the commission of a crime, wherein he acknowledges himself to be guilty of the offense charged. A statement which admits the commission of an act, but which also gives legal excuse or justification, is not a confession." *Owens* v. *State,* 120 *Ga.* 296 (2), 300 (48 S. E. 21). In that decision, the court said: "A charge upon confessions, where there is no evidence . . to support such a charge, has been repeatedly held by this court to be error," and cited *Suddeth* v. *State,* 112 *Ga.* 407 (37 S. E. 747), and *Dumas* v. *State,* 63 *Ga.* 600. In *Abrams* v. *State,* 121 *Ga.* 170 (48 S. E. 965), the court said: "There was also evidence that the accused admitted that they carried the mule and buggy to Atlanta and tried to sell it; and that, when in jail, they stated they wanted to come out and plead guilty. The motion for a new trial . . complains that the court charged upon the subject of confessions. . . The expression of a desire to plead guilty, when made out of court, is in effect a confession of guilt, and is admissible in evidence." In *Richards* v. *State,* 39 *Ga. App.* 665, 666 (148 S. E. 281), one Hamrick testified that the defendant made this statement: "We won't employ counsel, but will just go up and plead guilty to possessing it." This court said: "If the defendant's statement was as Hamrick testified, it was in effect a confession of guilt, and the jury had the right so to consider it." "A confession of guilt by the accused, freely and voluntarily made, is admissible in evidence against him, although such confession is coupled with the proposition on his part to settle

or compromise the case or charge against him, such an offer of settlement not being induced by another." *Hecox* v. *State,* 105 *Ga.* 625 (31 S. E. 592).

Under the cases cited, we are satisfied that considered alone the following statements attributed to the defendant amount to a confession: "He said he would enter a plea of guilty to taking the automobile if I would turn Ellery and Ruby out, his brother-in-law and wife. He said he wanted to enter a plea on this car." But the witness proceeds: "I told him if he did not steal it I would not let him. He said this fellow Rosenburgh got it. I told him I would not let him enter a plea like that." We are not prepared to say just what the defendant meant by saying that "this fellow Rosenburgh got it;" but whatever he meant, we can not say as a matter of law that this statement necessarily denied the defendant's guilt, or destroyed his confession. As bearing on the uncertainty or ambiguity of this statement, see *Bryant* v. *State,* 97 *Ga.* 815 (25 S. E. 927); *Allred* v. *State,* 126 *Ga.* 537 (55 S. E. 178). We hold that the evidence warranted the charge on confessions, and that the charge was not erroneous for any reason assigned.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*