## 29664. SLOAN *v.* THE STATE.

Decided October 3, 1942.

*Louis M. Tatham, J. Richmond Garland, Homer A. Glore,* for plaintiff in error.

*Bond Almand, solicitor, John A. Boykin, solicitor-general, Durwood T. Pye,* contra.

Gardner, J. The defendant was convicted on an accusation which contained two counts charging the theft of certain motor-vehicle tires. As a part of the description of the tires the serial number of each was set forth. It is contended by the defendant that since the State did not prove specifically the serial numbers as alleged, the conviction is not sustainable. This is the only contention. It substantially appears, omitting special reference to serial numbers, that the defendant and another sold tires to one Mayfield. The tires thus sold were those of the owner alleged in the accusation and as otherwise described (except as to serial numbers). The owner recovered them. The defendant admitted being present when the tires were sold, and attempted to explain his presence by stating that he carried the tires there innocently for his companion, who paid him $6. He was confirmed in this by his companion, but it further appears that while the officer was investigating the case he first arrested the defendant's companion, afterwards the defendant; and while he and his companion were together the officer questioned the companion as to how he managed to get the tires and sell them, whereupon the companion stated that the defendant watched while the tires were being taken. The defendant made no denial.

The judge, who passed on the law and facts without a jury, in his untraversed answer to the writ of certiorari, recites the following: "A witness sworn in behalf of the State testified as follows: 'I am a police officer of the City of Atlanta. I was called upon to make an investigation with reference to the theft of some automobile tires from the White Motor Co. On the 2nd day of August, 1941, I arrested a negro boy by the name of Ralph Hurst who took me to W. T. Mayfield's place of business in Fulton County, Georgia, and told me that he had sold Mr. Mayfield the automobile tires described in counts 1 and 2 of the accusation. I asked Hurst how he got the tires over to Mr. Mayfield's place of business and he said Herschel Sloan alias Swain was assisting by watching for him to see that neither one of them was caught while getting the tires away and Herschel Sloan did not deny that this was true.' W. T. Mayfield, a witness sworn in behalf of the State, testified as follows: 'Two boys, Ralph Hurst and Herschel Sloan, or Swain, the defendant in this case, during the month of August, 1941, brought to my place of business the heavy duty tires described in counts 1 and 2 of the accusation. I purchased the tires and gave the money to Ralph Hurst, but both of the boys were present and both of the boys assisted in unloading the tires at my place of business.' George Wallace, a witness sworn in behalf of the State, testified as follows: 'I am employed by the White Motor Co. whose place of business is in Fulton County, Georgia. The White Motor Company's place of business is at the corner of Boulevard and Old Wheat Street, in the City of Atlanta. In August, 1941, the tires described in the accusation in this case were stolen from the plant of the White Motor Co. They were present at the plant. I remember having seen them there. I recognized the tires which were subsequently recovered from Mr. Mayfield's place as being the tires which were the property of the White Motor Company, and which I had seen in the place of business of the White Motor Co. No one was ever given permission to carry these tires away and sell them. They were stolen. They were very heavy tires and very expensive.' The two defendants made substantially the statements as set forth in the petition."

The reference to the tires as being those described in counts 1 and 2 of *this* accusation was sufficient proof of the description as

alleged without any further more specific reference to the serial numbers, and this is sufficient to distinguish this case from those cited by plaintiff in error as follows: *Davis* v. *State,* 63 *Ga. App.* 17, 18 (10 S. E. 2d, 138); *Hightower* v. *State,* 39 *Ga. App.* 674 (148 S. E. 300); *Southern Express Co.* v. *State,* 23 *Ga. App.* 67 (2) (97 S. E. 550); *McLendon* v. *State,* 121 *Ga.* 158 (48 S. E. 902); *Robertson* v. *State,* 97 *Ga.* 206 (22 S. E. 974); *Wright* v. *State,* 52 *Ga. App.* 202 (182 S. E. 862); *Mosley* v. *State,* 52 *Ga. App.* 650 (184 S. E. 364).

In the main there are two outstanding reasons why a charge of larceny should be specific in its allegations of description and why the proof should be in substantial compliance therewith: (1) in order that defendant may prepare his defense, and (2) that he may not be tried for the identical larceny a second time. There is no complaint as to the former. The proof is ample to protect as to the latter. The evidence that the tires were those described in counts 1 and 2 of this accusation confines the transaction to the serial numbers alleged therein and to no other.

*Judgment affirmed. Broyles, C. J., concurs.*

MacIntyre, J., concurring specially. The police officer testified that the actual perpetrator of the theft said that he stole the tires in question, and that the defendant was assisting by standing by. An employee of the White Motor Company, in whose charge the tires were, testified: "The tires described in the accusation in this case were stolen from the plant of the White Motor Co;" and that he recognized "the tires which were subsequently recovered from Mr. Mayfield's [whom the other evidence showed to be the person to whom the defendant and his confederate sold the tires] place as being the tires which were the property of the White Motor Company." This witness described the tires as being "a Firestone heavy duty tire and rim and one Dayton-McClarin tire, and one Pennsylvania tire and two General heavy duty tires." This witness also testified that he did not know the numbers on the tires, which numbers were alleged in the accusation as a part of the description. There was no testimony that the numbers on the tires were different from the numbers alleged in the accusation; hence there was no testimony relative to variation as to the numbers alleged and the numbers proved. Thus, there was no testimony to show that the tires

stolen were not the tires described in the accusation, and the positive unobjected-to and uncontradicted testimony was that they were the same tires. *Nightengale* v. *State,* 94 *Ga.* 395 (2) (21 S. E. 221). Hence I think there was no fatal variation between the allegata and the probata.