### 30183. WEBBER v. THE STATE.

MACINTYRE, J. 1. The general rule is, that in charging larcency after trust, the ownership of the property alleged to have been fraudulently converted may be described as that of the real owner, or the person in possession, as bailee or agent; and such bailee or agent, may be described as the owner, individually by name, without describing his trust character. 2 Wharton's Criminal Procedure (10th ed.) 1221, § 861. As to partnerships, see *Buffington* v. *State,* 124 *Ga.* 24 (52 S. E. 19); *Lee* v. *State,* 62 *Ga. App.* 556, 558 (8 S. E. 2d, 706).

2. Where, in a case of larceny after trust, the property entrusted to the accused was alleged to be the property of H. E. Maughon, even if the evidence showed that the property entrusted belonged to H. E. Maughon & Son, a partnership, yet it further showed that H. E. Maughon was one of the owners and was the agent and manager, who, being in charge, control, and management of the joint property or business, had such a special ownership in the property by reason thereof as would prevent a variance in the probata and the allegata relatively to ownership from being fatal, for H. E. Maughon would be entitled, at the time in question, to the possession even as against the other partners. However, where there is no such bona fide charge, control, and management on the part of one of the owners, the mere temporary absence of one or more of the joint owners does not warrant the laying of the ownership in the one present, who is in temporary charge and control. *Lee* v. *State,* supra; 2 Wharton's Criminal Procedure (10th ed.), 1220, 1222, §§ 861, 862; 1 Wharton's Criminal Procedure (10th ed.), 872, § 646. Under the above rule of law there was no fatal variance between the proof and the allegations in the indictment relatively to the ownership of the property alleged to have been entrusted.

3. It was error to admit in evidence, over the objection that it was hearsay, a letter received in due course of mail, written by a third person in answer to a letter written by the prosecutor, the person alleged to be the owner of the property alleged to have been entrusted. In a criminal case, the law declares that the accused is entitled to be confronted by the witnesses against him, and one of the important reasons therefor is that he may have the opportunity to cross-examine them in the presence of the jury.

4. The State introduced but one witness, the prosecutor. The defendant introduced no evidence, but made a statement to the jury. The evidence shows that the design of the defendant in all of his statements to the prosecutor was not to inculpate himself, but to exculpate himself. His statements were made, not for the purpose of conceding that he was guilty, or with any view of confessing his guilt, but in the line of a denial of his guilt. It was error for the judge to charge the jury on the law of confessions, even though he left it to the jury to say whether there was a confession or not. There was no evidence on which to base a charge on confessions. Such a charge was well calculated to prejudice the defendant's case; for it might have induced the jury to think that the declaration shown to have been made by the defendant could have been treated, not only as a part of the material from which an inference of guilt might be drawn, but as a confession of guilt, direct or indirect, made by the defendant. The record does not disclose that the defendant made any confession of guilt, or that he intended to make any. It was reversible error to charge on confessions. *Thomas* v. *State*, 143 *Ga.* 268 (3) (84 S. E. 587); *Fletcher* v. *State*, 90 *Ga.* 468 (17 S. E. 100); *Musgrove* v. *State*, 68 *Ga. App.* 561, 563 (23 S. E. 2d, 201); *Grubbs* v. *State*, 53 *Ga. App.* 377, 379 (186 S. E. 140).

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*

DECIDED OCTOBER 28, 1943.

*W. O. Slate, Charles W. Bergman,* for plaintiff in error.
*Charles C. Pittard, solicitor,* contra.

