35635. SEWELL *v.* THE STATE.

DECIDED MAY 6, 1955.

*Bobby Lee Cook,* for plaintiff in error.

*Earl B. Self, Solicitor-General,* contra.

GARDNER, P. J.   In our opinion, *Sloan* v. *State,* 68 *Ga. App.* 92 (1, 2) (22 S. E. 2d 333), is applicable in several respects to the case here involved.   Those headnotes read: "1.   In a trial on an accusation for simple larceny, charging theft of motor vehicle tires, the description of the property involved, including the serial numbers of the tires, was sufficiently proved where the evidence detailed the description as alleged save the serial numbers, and further detailed that the tires lost and recovered were the same tires as the ones described 'in counts 1 and 2 of this accusation.'

"2.   There are two reasons why a charge of simple larceny should be specific in its allegations of the description of the property involved and why the proof should be in substantial compliance therewith: (1) in order that the defendant may prepare his defense, and (2) that he may not be tried a second time for the identical larceny."

*Nightingale* v. *State,* 94 *Ga.* 395 (2) (21 S. E. 221) holds: "If on a trial for larceny the jury have no reasonable doubt as to the identity of the animal alleged to have been stolen or as to any other essential fact involved in the commission of the offence, it will be no cause for acquittal that they entertain a reasonable doubt as to the truth or accuracy of some of the descriptive terms applied in the indictment to the animal.   Although a needlessly minute or comprehensive description must be proved as alleged, the superfluous elements need not be established with the same degree of certainty as is requisite touching the essentials of the case."   That case was reversed, but on a different ground from that involved in the instant case.   See also *Timmons* v. *State,* 14 *Ga. App.* 802 (82 S. E. 378), in which this court said: "1.   While (as is frequently the case in such matters) the different witnesses disagreed in describing the color of the cow alleged to have been stolen, there was some evidence, descriptive of the color of the cow, which was substantially conformable to the description in the indictment; and since the comparative weight

to be attached to the testimony of the different witnesses is a matter addressed peculiarly and solely to the jury, it cannot be said that there was a fatal variance between the allegata and probata." See also *Graham* v. *State,* 16 *Ga. App.* 221, 225 (84 S. E. 981), wherein this court discussed the description of a "blue and white spotted cow" and a "black and white spotted cow." In our opinion the instant case is practically identical with that case, since the testimony related to a "red animal with a white face," and another witness testified that the animal was "a black one with a white looking face and brown." Counsel for the defendant call our attention to the following cases: *Mosley* v. *State,* 52 *Ga. App.* 650 (1) (184 S. E. 364) ; *Crenshaw* v. *State,* 64 *Ga.* 449; *Johnson* v. *State,* 73 *Ga.* 128; and *Hardy* v. *State,* 112 *Ga.* 18 (37 S. E. 95). We have read these cases carefully, and find that the facts and the opinions in those cases show no reason sufficient to support the contentions of the defendant to the effect that the proof in the instant case did not sustain the allegations in the indictment here involved.

■ Special ground 1 complains because, when one of the witnesses for the State was on the stand, he was asked by the solicitor-general if he (Mostella) had not pleaded guilty and if a sentence for the same transaction had not been imposed upon him. Counsel for the defendant interposed an objection to this testimony, contending that it was illegal and prejudicial to the defendant, and made a motion for a mistrial. At this point the court had the jury retired. Counsel and the court discussed the matter, after which the jury were recalled. The court then said: "I am going to overrule your motion. I will make an explanation to the jury. Gentlemen of the jury, I would like to explain this to you. Anything that might have occurred in the way of any sentence or punishment, you will disregard. The statement of the witness here what he stated that he received, or what he has served. Of course, if it is proper to introduce it, the best form of evidence would be any indictment and the sentence, it is a matter of record. I will instruct you to disregard that, and remove that from your mind. That is not involved in this case. Just where defense counsel might want to bring at certain things on the grounds of credibility, the court does allow like that, but it was improper for the prosecution to ask what he had suffered,

and anything about his sentence, and the court has corrected the solicitor on that question. It was improper to ask those questions, and the solicitor has been instructed on it. You will disregard that and let that have nothing to do with your minds in this case." It must be kept in mind that the issue here concerned a witness on the stand, a coconspirator. We are not quite sure that the testimony along the line testified to by this witness was not competent evidence. Counsel for the defendant cites 3 Am. Jur. 583, § 1029, wherein it is stated: "It is obvious from what has been heretofore said that the line between admitted evidence that is harmless and admitted evidence which is prejudicial is a very shadowy one. Some general principles for the determination of prejudice have been given. We come now to review the cases of admission held erroneous. The most general test of prejudice in the admission of evidence is the probability that the evidence thus erroneously admitted influenced the verdict by arousing the sympathy or passions of the jury, or resulted in a miscarriage of justice, or a violation of a constitutional or statutory right." We see nothing in this excerpt which will authorize a reversal of this case under the record involved here.

Our attention is called to *Sharpe* v. *State*, 91 *Ga. App.* 147 (85 S. E. 2d 95). The facts in that case are not analogous to those in the instant case. In that case the attack was on the defendant's character and not regarding the witness who was testifying as to his being connected with the same case for which the defendant was on trial.

In support of the State's contention, see *May* v. *State*, 24 *Ga. App.* 379 (3) (100 S. E. 797). See also *Porch* v. *State*, 207 *Ga.* 645 (2b) (63 S. E. 2d 902), and citations therein. This special ground is without merit.

Special ground 2 is expressly abandoned.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*