36399. CHAMBERS *v.* THE STATE.

TOWNSEND, J. Where the defendant admits buying and receiving goods which are shown by undisputed evidence to have been stolen by the person from whom they were received, the burden is still upon the State to prove beyond a reasonable doubt that the transaction occurred with guilty knowledge on the part of the defendant, and such knowledge may be proved by circumstantial evidence. The fact that the defendant knew the sugar came from the Ralston-Purina Company plant which is not in the general business of selling sugar, that it was in an amount greater than the individual selling it would ordinarily have for sale, he not being in the sugar business, that it was taken and hidden in the woods at an isolated spot where the defendant went with the thieves in the early hours of the morning for the purpose of transferring it to an isolated outbuilding at another location pointed out by the defendant, and that the defendant made contradictory statements, first denying that he had purchased any sugar and claiming that a second load, which was apprehended by police officers, had been placed there while his truck was borrowed by another but later admitting that he did purchase two loads of sugar totalling about 5,000 pounds, is, taken together, sufficient to authorize the finding that the circumstances of the sale were sufficient to put the defendant on inquiry as to its nature, and a finding that the defendant was guilty of knowingly receiving stolen goods. See *Tucker* v. *State*, 94 *Ga. App.* 468 and cases there cited.

The trial court did not err in denying the motion for a new trial on the general grounds only.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED OCTOBER 17, 1956—REHEARING DENIED NOVEMBER 9, 1956.

532

*Virgil H. Shepard,* for plaintiff in error.

*Wm. M. West, Solicitor-General, Hal Bell, Assistant Solicitor-General,* contra.