### 37782. HARDY *v.* THE STATE.

Townsend, Judge. 1. Regarding the scienter necessary to be proved before one may be convicted of receiving stolen goods under Code § 26-2620, knowing them to have been stolen, the rule is laid down in *Von Sprecken* v. *State*, 70 *Ga. App.* 222, 224 (28 S. E. 2d 341) as follows: "Before one can be convicted of receiving stolen goods it must appear from the evidence that he *knew* the property was stolen when he received it. It is true that the jury in determining whether a defendant had such knowledge can consider all of the evidence, direct and circumstantial, tending to show such knowledge. They might, in passing on the question whether he had such knowledge, consider whether under all the circumstances of the case *he, the defendant,* as a reasonable man, knew that the goods were stolen, but before he could be convicted the jury must definitely find that *he knew* that they were stolen when he received them." See also *Birdsong* v. *State*, 120 *Ga.* 850 (48 S. E. 329); *Bird* v. *State*, 72 *Ga. App.* 843 (35 S. E. 2d 483); *Staffins* v. *State*, 92 *Ga. App.* 115 88 S. E. 2d 45); *Chambers* v. *State*, 94 *Ga. App.* 531 (95 S. E. 2d 326). On the trial of the defendant for receiving stolen goods it was established by undisputed evidence that a burglary occurred on the premises of S & M Sales Company, Inc., and that approximately 300 wrist watches of a value of $6,700 were stolen; that the defendant Hardy was seen on the premises the day before or the day of the burglary and made inquiries concerning watches but did not buy any; that many of these watches were identifiable by the fact that they were put out by the manufacturer under special names designed specifically for this wholesaler and not available to any other purchaser; that 75 to 85 of these watches were sold by the defendant to a retailer of watches for $825, a price which the retailer admitted was "too cheap"; that the defendant said something to him about the watches being cheap because of a bankruptcy sale. In his statement to the jury the defendant stated that his sale to the retailer was in good faith; that he was in the home improvement business and sometimes sold other merchandise on the side; that he met two men at a restaurant, one of whom he had met previously in Miami, and they offered him $400 to dispose of some rebuilt watches, stating that they were on their

way from Miami to Chicago; that he engaged in good faith to sell the watches, did so, and received the $400.

It is to be noted that the watches were definitely identified as being exclusive with the business of the prosecutor; that the defendant was identified as a man who had been on the premises shortly before the burglary; that the watches were not rebuilt but new watches, and that the explanation the defendant gave the jury as to the low price was different from the explanation he gave the retailer to whom he sold them. While the test of guilt in the offense of knowingly receiving stolen goods is not what an ordinarily reasonable man would believe, but what the defendant did in fact know, nevertheless the jury may consider all the circumstances of the case in drawing its inference as to such knowledge. The evidence as a whole is sufficient to sustain the verdict of guilty of receiving stolen goods, and the general grounds of the motion for new trial are without merit.

2. The first special ground assigns error on the court's charge on admissions. The court, after charging that it is contended by the State that the defendant in this case has made admissions in their nature incriminatory, charged correctly on the subject and then stated, "It is a question for you gentlemen to determine in this case, first, whether an admission that was incriminatory in its nature was made, and if made, whether or not it was made voluntarily." The charge was supported by evidence because there was evidence of a statement made by the defendant to police authorities, and because the State did contend that the statement was incriminatory in nature. It was not calculated to mislead the jury into believing that the court was of the opinion that the admission was incriminatory, since the court specifically left this decision to the jury. It was susceptible to the interpretation that the defendant acted under suspicious circumstances in agreeing to sell the watches and in accepting delivery of them for sale from the alleged thief in a suitcase stored in the Greyhound Bus station. See *Fowler* v. *State*, 187 *Ga.* 406 (3) (1 S. E. 2d 18); *Musgrove* v. *State*, 68 *Ga. App.* 561, 562 (23 S. E. 2d 201); *Smallwood* v. *Pollard*, 54 *Ga. App.* 617 (4) (188 S. E. 594). It is the duty of the trial court to charge as to the contentions of the parties supported by evidence. *Waters* v. *State*, 83 *Ga. App.* 163 (1) (63 S. E. 2d 264). The charge on incriminatory admissions, which alleg-

edly was a correct statement of the law of admissions and of the contentions of the State, and which left the decision to the jury as to whether any statement made was in fact incriminatory, was entirely proper.

3. There is no merit in the second ground of the amended motion which contends that it was error under the facts of this case to charge as to the inference to be drawn from the recent possession of stolen property without a further charge to the effect that such inference would not apply on to the offense of receiving stolen goods. The principle that, in weighing error, the charge must be considered as a whole (see Code, Ann., § 70-207, annotations under catchword "Part") was never more applicable than here. This indictment was in two counts, one for burglary and the other for receiving stolen goods. The court, before mentioning any law relating to the second count undertook to charge all of the law relating to the offense of burglary, including the possible verdicts to be returned in connection therewith. After completing his instructions on burglary, which includes the charge here complained of, he stated: "The crime charged in count 2 of the indictment is that of receiving stolen goods, and the law on that subject is as follows," after which he correctly charged the law, including possible verdicts, relating to this count. Under this charge the jury could not possibly have been misled into believing that the inference arising in burglary cases from the recent possession of stolen property should be applied by them in relation to the law of knowingly receiving stolen property. This ground is without merit.

4. Special ground 3, not being argued or insisted on, is treated as abandoned.

The trial court did not err in denying the motion for new trial as amended.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

Decided July 15, 1959—Rehearing denied July 30, 1959.

*A. Tate Conyers*, for plaintiff in error.

*Paul Webb, Solicitor-General, Carter Goode, Eugene L. Tiller*, contra.