39604. McGILL v. THE STATE.

DECIDED SEPTEMBER 5, 1962.

*Emmett O. Dobbs, Jr.,* for plaintiff in error.
*Jack Holland, Solicitor General,* contra.

JORDAN, Judge. 1. Where the defendant admits buying and receiving goods which are shown by undisputed evidence to have been stolen, the burden is still upon the State to prove beyond a reasonable doubt that the transaction occurred with guilty knowledge on the part of the defendant; for scienter is an essential element of the crime of receiving stolen goods and must be proved to warrant conviction. *Sanford v. State,* 4 Ga. App. 449 (61 SE 741); *Arkwright v. State,* 57 Ga. App. 221 (1) (194 SE 876); *Chambers v. State,* 94 Ga. App. 531 (95 SE2d 326). "Such knowledge need not necessarily be proved by direct testimony, but may be shown by circumstances, such as the defendant's conduct and behavior, the character of person from whom the goods were received, the kind of goods, and the hour when received." *Cobb v. State,* 76 Ga. 664 (2). But where as in the instant case, the evidence relied on to show knowledge on the part of the defendant that the goods were stolen, is entirely circumstantial, in order for the conviction to be sustained, the

evidence must be sufficient to exclude every other reasonable hypothesis than that of his guilt. *Casper v. State*, 22 Ga. App. 126, 130 (95 SE 534) ; *Code* § 38-109.

Thus measured, it is our opinion that the evidence adduced on the trial of this case, which did not show any knowledge on the part of the defendant that the tools had been stolen at the time he received them, nor any circumstances from which the jury could do more than surmise the existence of such guilty knowledge on his part, was insufficient to authorize the verdict rendered. The only circumstance from which the jury might impute guilty knowledge to the defendant was the possible variance between the actual value of the tools and the amount the defendant paid for them. The State, however, failed to prove the value of the tools based on their condition at the time of the transaction, there being evidence only as to their replacement value; leaving the reasonable deduction that the tools at the time of the transaction were only worth approximately the price paid by the defendant. This circumstance, relied upon by the State to prove knowledge, is as consistent with the defendant's innocence as with his guilt. The trial court therefore erred in overruling the defendant's motion for a new trial on the general grounds.

2. Special ground 4 contends that the trial court erred in failing to give in charge to the jury the provisions of *Code Ann.* § 26-2620, defining the offense of receiving stolen goods. The record in this case discloses that the court charged all of the provisions of this Code section except that added by the 1961 amendment (Ga. L. 1961, p. 118) which provides as follows: "Such buyer or receiver may be prosecuted without the principal thief having been convicted, if the principal thief is under 17 years of age or is insane." Since this provision of law was clearly inapplicable to the facts in the instant case, the trial court did not err in omitting it in its charge on *Code Ann.* § 26-2620; and this ground of the amended motion is without merit.

3. The remaining special grounds, not being argued or insisted upon, are treated as abandoned. *Hardy v. State*, 100 Ga. App. 88 (4) (110 SE2d 82).

*Judgment reversed. Nichols, P. J., and Frankum, J., concur.*