41802. SOLOMON v. THE STATE.

HALL, Judge. The defendant appeals from his conviction of involuntary manslaughter upon which he received a 5-year sentence.

The State contends that the conviction for involuntary manslaughter in the commission of an unlawful act was authorized because the defendant, driving a tractor trailer, collided on his left side of the highway with the automobile driven by the deceased, in violation of §§ 19, 21 and 23 of the traffic ordinance of the City of Carrollton, which require drivers to drive vehicles to the right of the center line of the street.

Our courts have held that one of the essential elements of the crime of involuntary manslaughter in the commission of an unlawful act (*Code* § 26-1009) is the intentional commission of the unlawful act. *Overman v. State*, 187 Ga. 396, 398 (1 SE2d 20); *Thomas v. State*, 91 Ga. App. 382, 384, 387 (85 SE2d 644); *Passley v. State*, 62 Ga. App. 88, 89 (8 SE2d 131); *Bond v. State*, 104 Ga. App. 627, 631 (122 SE2d 310); Some opinions have indicated that the crime may be proved

by evidence showing that an unlawful act was committed unintentionally, but as a result of conduct so reckless that it imports a thoughtless disregard for consequences or indifference to the safety of others and reasonable foresight that death or bodily harm will result. *Cain v. State*, 55 Ga. App. 376 (190 SE 371); *Thomas v. State,* 73 Ga. App. 803, 809 (38 SE2d 188). The burden is upon the State to prove beyond a reasonable doubt every essential element of a crime, and circumstantial evidence relied on to prove the mental state of the defendant essential to the crime must be sufficient to exclude every reasonable hypothesis except that the defendant's mental state was that essential to the crime. *McGill v. State,* 106 Ga. App. 482, 484 (127 SE2d 332); *Cooper v. State,* 2 Ga. App. 730 (59 SE 20).

The testimony of all the witnesses and the circumstantial evidence in this case is consistent with the sworn testimony of the defendant that he came over a hill; other traffic ahead of him had stopped; he applied his brakes; the trailer jackknifed and pushed the tractor onto the wrong side of the road and he was then unable to control its movement or avoid the collision. None of the evidence indicated that the defendant intended to leave the right side of the road. On cross examination of the witness who was a passenger with the defendant in the tractor, the State attempted to show that the defendant's failure to observe a vehicle in front of him sooner and to apply his brakes more slowly caused the tractor to be pushed to the wrong side of the road. The evidence was insufficient to show that the defendant intended to commit the unlawful act of not driving to the right of the center of the highway, or that the truck was on the wrong side of the highway as a result of such reckless conduct of the defendant as would import a thoughtless disregard for consequences or indifference to the safety of others and reasonable foresight that death or bodily harm would result.

The trial court erred in overruling the defendant's motion for new trial on the general grounds.

*Judgment reversed. Nichols, P. J., and Deen, J., concur.*

ARGUED FEBRUARY 8, 1966—DECIDED FEBRUARY 14, 1966.

*Dewey Smith,* for appellant.

*Wright Lipford, Solicitor General, Robert D. Tisinger, David H. Tisinger,* for appellee.