## 43022. PRATHER v. THE STATE.

BELL, Presiding Judge. 1. Knowledge that goods are stolen is an essential element of the crime of receiving stolen goods. *Sanford v. State,* 4 Ga. App. 449 (61 SE 741). Where one admits buying and receiving goods shown by undisputed evidence to have been stolen, the burden is still upon the State to prove beyond a reasonable doubt that the transaction occurred with guilty knowledge on the part of the accused. *Chambers v. State,* 94 Ga. App. 531 (95 SE2d 326); *McGill v. State,* 106 Ga. App. 482, 483 (127 SE2d 332). In most cases scienter is not susceptible of direct proof. "Circumstances may convict of the defendant's knowledge, as well as actual and direct proof. . . The circumstances, the time, the secrecy, all the transactions before, at the time and afterwards, may be brought to bear upon what was the knowledge of the receiver. . . Knowledge may well be deduced from conduct and behavior, the character of the person from whom received, and the kind of goods." *Cobb v. State,* 76 Ga. 664, 666. See also *Licette v. State,* 75 Ga. 253, 257; *Waldrop v. State,* 47 Ga. App. 849, 853 (171 SE 840); *Hardy v. State,* 100 Ga. App. 88 (1) (110 SE2d 82). Here, the defendant's flight is one of numerous circumstances tending to establish his consciousness of guilt. See *Brooks v. State,* 98 Ga. App. 13, 15 (104 SE2d 620).

The evidence, though circumstantial, was sufficient to authorize defendant's conviction of knowingly receiving stolen goods.

2. The record shows that defendant was shot by the arresting officers and taken directly to the hospital where he remained for medical treatment until after indictment. Under these circumstances no commitment hearing was necessary. *Cannon v. Grimes,* 223 Ga. 35 (153 SE2d 445).

3. The defendant's indictment and trial for receiving stolen goods were not premature, where Count 2 of the indictment alleged that the principal thief had not been tried or convicted for the reason that he was unknown to the grand jurors and could not be apprehended; nor was this count of the indictment defective for the reason that it failed to allege that the principal thief was under 17 years of age or insane. See *Code* §§ 26-2620 and 26-2621; *Licette v. State,* 75 Ga. 253, 256, supra; *Carnes v. State,* 115 Ga. App. 387, 389 (2) (154 SE2d 781). Grounds 3 and 4 of the enumeration of errors are without merit.

4. The first ground of the enumeration is moot. See *Prather v. State*, 223 Ga. 431 (155 SE2d 862).

*Judgment affirmed. Pannell and Whitman, JJ., concur.*

SUBMITTED SEPTEMBER 7, 1967—DECIDED NOVEMBER 20, 1967.

*Howard Moore, Jr.*, for appellant.

*Lewis R. Slaton, Solicitor General, J. Walter LeCraw, Paul Ginsberg, Amber W. Anderson*, for appellee.

