38210.   STUBBLEFIELD <em>v.</em> THE STATE.

DECIDED APRIL 7, 1960.

*Aaron I. Alembik,* for plaintiff in error.

*Paul Webb, Solicitor-General, John I. Kelley, Solicitor, Hinson McAuliffe, B. B. Zellars, Robert O'Neil, Eugene L. Tiller, Assistant Solicitor-General,* contra.

GARDNER, Presiding Judge. The petition for certiorari contains three assignments of error all of which relate to excerpts from the charge of the court.

1. It is contended that the trial court erred in charging the jury as follows: "Gentlemen, this accusation will be out with you, and you may refer to it as often as you may deem necessary, but it is not evidence against the defendant and must not be treated as evidence against him by you gentlemen." This excerpt is complained of because the accusation contained without the knowledge of either the defendant or his attorney the notation, "fingerprint No. 117310," and that by authorizing the jury to have the accusation this notation would be seen and the defendant prejudiced because of the inference created thereby that the defendant had a criminal record, his character not having been placed in issue. The error, however, is not in the charge to the jury because it is proper for the pleadings and the accusation or an indictment in a criminal case to go into the jury room with the jury. Counsel for the defendant had the opportunity to examine the accusation and make a proper motion in the event it contained any prejudicial surplusage. If the case was here based on the overruling of a motion to delete the notation as prejudicial

surplusage, this court would be confronted with a different question of law. Such a notation has no proper place in an accusation and on proper motion should be deleted, but by going to trial on the accusation this irregularity was waived.

2. It is also contended that the trial court erred in that he gave a conflicting charge which was confusing and misleading to the jury. The trial court correctly charged the jury that a defendant cannot be convicted on possession of lottery paraphernalia alone, but that one in possession must be engaged in the operation of the lottery, not as a player. Following this excerpt the court then charged the jury the rule of law with reference to all offenders being principals in misdemeanor cases, following which he then charged the jury as follows: "If you believe beyond a reasonable doubt that the defendant did possess 'bug' or lottery tickets, and that they were a part of the paraphernalia of the lottery known as the 'bug' or numbers game, and the defendant thus aided, assisted and participated in the carrying on of the lottery, if one was carried on, you would be authorized to convict the defendant of this charge." The last excerpt is contended to be error as being in conflict with the one first given to the effect that possession alone is insufficient to convict. However, the excerpt complained of discloses that the evidence must show that the possession must be by one aiding, assisting and participating in carrying on the lottery in order to authorize conviction.

3. Error is assigned on the following excerpt: "If you believe beyond a reasonable doubt that the defendant did in the County of Fulton and State of Georgia, at any time within the two years immediately preceding the swearing out of this accusation, did keep, maintain and operate a lottery known as the number game for the hazarding of money, you would be authorized to find the defendant guilty. If you do not believe the defendant guilty, or if you should entertain a reasonable doubt as to his guilt, it would be your duty to acquit the defendant." This is contended to be error because it did not confine the jury to a reasonable doubt arising from the evidence but permitted the jury to convict the defendant based merely on their beliefs without regard to the evidence. The petition for certiorari contains another as-

signment of error based on another excerpt from the charge to the same effect. Had the trial court not covered by appropriate instructions to the jury the subject of its duty to satisfy themselves from the evidence beyond a reasonable doubt elsewhere in the charge, these excerpts, standing alone, would certainly constitute error requiring a reversal of this case. However, the trial court did elsewhere charge the jury as follows: "The defendant, Gentlemen, is presumed in law to be innocent of this charge and that presumption of innocence remains with him throughout the trial of this case unless and until the evidence satisfies your minds beyond a reasonable doubt as to his guilt." Elsewhere in the charge the judge made it clear that the jury was to make their verdict on the evidence. He also charged the jury fully and properly with reference to the defendant's statement. Accordingly, under the authority of *Bell* v. *State,* 120 *Ga.* 510 (48 S. E. 197); *Timmons* v. *State,* 14 *Ga. App.* 802 (92 S. E. 378) and *O'Halloran* v. *State,* 22 *Ga. App.* 799 (97 S. E. 264), it appears that this assignment of error is insufficient to require reversal. In the first of these two cases the proper reference to the evidence appears from the text and in the last one an examination of the record on file in this court discloses adequate reference to the evidence in other portions of the charge when considered as a whole. Of course the better practice is to state at all times when this subject is being dealt with by the trial courts in charges to the jury that "if you believe from the evidence and the defendant's statement (where the defendant makes a statement) beyond a reasonable doubt that the defendant is guilty, it is your duty to convict him."

We might point out here that the evidence in this case shows conclusively that when the officers searched the defendant, the defendant had three original lottery tickets in his watch pocket and three copies which are normally retained by the writer for his copies. A writer usually uses an original book of tickets and turns the yellow tickets in to the lottery headquarters, gives the white copies to the players if they desire a copy of the numbers played and retains the tissues for himself. In the instant case a City of Atlanta detective testified that this is the way a writer operates. The same witness also testified as follows: "According

to my information this man could not have been a player just as well as a writer. From the evidence found on him he couldn't have been anything other than a writer, as he had original lottery tickets and also writers' copies themselves." We point out this evidence here because it is manifestly different from cases where players' tickets only are found on a person.

The evidence supports the verdict. The Judge of the Superior Court of Fulton County did not err in overruling the petition for certiorari on any of the grounds.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*