Hawkins and another *vs.* The State of Georgia.

and before the adjournment, moved for a new trial in the said cause, on the following grounds :

1st. Because the Jury found contrary to evidence.

2d. Because the Jury found contrary to law.

The Court granted a new trial on the ground that the verdict was contrary to the evidence, and this decision is assigned as error.

COLE, for plaintiff in error.

ROCKWELL, representing SEWARD, for defendant.

---

No. 47.—NATHAN HAWKINS and others, plaintiffs in error, *vs.* THE STATE OF GEORGIA, defendant in error.

[1.] Where two persons are indicted for an affray, they have one common interest in making their defence. The successful defence of one enures to the benefit of the other ; both must be convicted, or neither.

[2.] Words alone will not constitute the offence of an affray, but words accompanied by acts, such as drawing knives, and attempting to use them in a public street of a city, the using of which is prevented by the bystanders, is calculated to excite the terror of peaceable citizens, and disturb the public tranquility, and will constitute that offence.

[3.] One who aids, assists, and abets an affray, is guilty as principal.

Hawkins and another *vs.* The State of Georgia.

Affray, in Baldwin Superior Court. Tried before Judge JOHNSON, March Term, 1853.

Nathan Hawkins and William G. Bonner were indicted for an affray. The proof on the part of the State was, that Hawkins was in the public street in Milledgeville, when Bonner passed by; Hawkins accosted him, rising at the same time, "I understand you said that you had made a contract with me about feeding your horses. I have said, that if you said so, you told a d—d lie; and as I am not accustomed to say anything behind a man's back which I will not say to his face, I now tell you of it." Bonner replied, "I did not say that I had made a contract with you, but if you mean to say I told a lie, I will spit in your face." Hawkins said, "you had better try it, it will cost you nothing, God d—n you." Bonner then spit at Hawkins, springing forward and catching him by the collar. Hawkins pushed him off, when Bonner drew his bowie knife and cut at Hawkins. Hawkins then drew his knife from his pocket, but did not use it, being prevented.

Some testimony was introduced on the part of Bonner; Hawkins introducing none.

Counsel for Hawkins insisted that, as he had introduced no testimony, he was entitled to the conclusion of the argument to the Jury. The Court decided that Bonner, his co-defendant, having introduced evidence, the State was entitled to the conclusion, and this decision is assigned as error.

Counsel for Hawkins requested the Court to charge, that it was not sufficient to constitute an affray, that the fighting was in a public place—it must be proven that it was to the terror of the citizens; which the Court declined to charge, and error is assigned.

The Jury having found defendants guilty, counsel for Hawkins moved for a new trial, on the ground that there was no evidence of any assault and battery on the part of Hawkins. The Court refused the motion, and this is assigned as error.

I. L. HARRIS, for plaintiff in error.

Sol. Gen. SAFFOLD, for defendant in error.

*By the Court.*—WARNER, J. delivering the opinion.

The defendants were indicted for an affray, which is defined by our Code, to be " the fighting of two or more persons in some public place, to the terror of the citizens, and disturbance of the public tranquility." *Prince*, 643.

[1.] The defendants are to be tried together, and for the purposes of the trial, and in making their defence, are to be considered as having one common interest ; and this view of the question disposes of the objections made to the refusal of the Court to allow each defendant to strike seven of the Jurors peremptorily, and refusing to allow the counsel for one of the defendants to conclude the argument to the Jury, the other defendant having introduced evidence in his behalf to the Jury.

Where two are indicted for an affray, the successful defence of one will operate as an acquittal of both ; as where the evidence shows that one of the parties acted entirely in self-defence, while the other assaulted and beat him, the aggressor may be guilty of an assault and battery, but neither of them guilty of an affray ; and neither can be convicted on an indictment therefor ; so that on the trial of an indictment for an affray, the aggressor is as much interested to show that both parties did not fight, as the innocent party is to show that fact ; the defence of one enures to the benefit of the other.

[2.] But it is said, there is no evidence that Hawkins, one of the defendants, fought at all, and that an affray cannot be committed by *words* alone. The evidence is, that an altercation took place between the parties in a public street in Milledgeville, at the instance of Hawkins, who first accosted Bonner. Bonner then drew his knife, cut at Hawkins. Hawkins then drew his knife from his pocket, but did not use it, being prevented by the bystanders. The drawing his knife and at-

tempting to use it on that occasion, was an *act* quite significant of his *intention*, had he not been prevented from using it. The words alone, of the parties, independent of their acts, would not have constituted an affray ; but their words, accompanied by their acts respectively, in drawing their knives and attempting to use them, was calculated to terrify the good citizens of Milledgeville, and disturb the public tranquility. 1 *Russell on Crimes*, 271.

[3.] One who aids, assists, and abets an affray, is guilty as principal. *Carlin vs. The State*, 4 *Yerger's R.* 143. The Court instructed the Jury in the language of the Code, in relation to the offence, and they have found, by their verdict, both defendants guilty ; and we cannot hold, from the facts apparent on the face of this record, that their verdict was without evidence, as to all the necessary elements to constitute the offence of an affray.

Let the judgment of the Court below be affirmed.