## BUNGER v. THE STATE.

Accusation of misdemeanor; from city court of Savannah— Judge Rourke. July 1, 1916. Transferred by Court of Appeals.

John D. Bunger was charged with a violation of the prohibition law. The accusation contained four counts. Upon two counts the defendant was found not guilty. One count was abandoned, and upon the fourth count he was found guilty. He filed a motion for a new trial, and a motion in arrest of judgment. Both motions were overruled, and he excepted. The count upon which he was convicted charged him with unlawfully having in his possession at one time more than two quarts of spirituous liquors.

*Bouhan & Herzog*, for plaintiff in error.

*Walter C. Hartridge, solicitor-general,* contra.

GILBERT, J. 1. The act of the General Assembly entitled "An act to further mitigate the evils of intemperance and to make more effective the laws touching the sale and keeping on hand of certain prohibited liquors," etc., approved November 18, 1915 (Acts 1915, Extraordinary Session, p. 90), is not null and void for any of the reasons assigned. The constitution, art. 3, sec. 4, par. 3, limits the session of the General Assembly to fifty days, to which there is but one exception, which is therein stated to be a pending impeachment trial. Civil Code (1910), § 6417. "Neither house shall adjourn for more than three days, or to any other place, without the consent of the other; and in case of a disagreement between the two houses on a question of adjournment, the Governor may adjourn either or both of them." Const. art. 3, sec. 7, par. 24 (Civil Code (1910), § 6452). The General Assembly may ad-

journ sine die at any time within the prescribed limit, provided the two houses comply with the requirements of the constitution. A failure on the part of either house, or of both, to conform to these requirements will not have the effect of abrogating or modifying the limitation of fifty days fixed by the constitution. To reach any other conclusion would be unauthorized. If a failure to comply with the terms of the constitution by either house as to agreement on adjournment can extend the session beyond fifty days, it follows that the constitutional limitation is subject to the whims, caprices, and mistakes of the General Assembly. If either house or both should vote to adjourn contrary to the constitutional requirement, the result would be the same as if no action whatever had been taken.

2. The constitution, art. 5, sec. 1, par. 13, empowers the Governor to "convoke the General Assembly on extraordinary occasions." Civil Code (1910), § 6482. He alone is to determine when there is an extraordinary occasion for convening the legislature, and he must state in his proclamation convening the General Assembly the object therefor, and no law shall be enacted at such called session except such as "shall relate to the object stated." The Governor is thus invested with extraordinary powers, and in the exercise of such powers and prerogatives neither the legislative nor the judicial department of the government has any power to call him to account, nor can they or either of them review his action in connection therewith. Farrelly v. Cole, 60 Kans. 356 (56 Pac. 492, 44 L. R. A. 464, 471). In Marbury v. Madison, 1 Cranch, 137, 164 (2 L. ed. 60), a case in which the power of the President in regard to appointments was in question, Chief Justice Marshall said that the power of the executive was a political power, "in the exercise of which he is to use his own discretion, and is accountable only to his country in his political character, and to his own conscience; . . and whatever opinion may be entertained of the manner in which executive discretion may be used, still there exists, and can exist, no power to control that discretion." The principle involved in the excerpt quoted is equally applicable to the power of the executive of this State, under the constitution, to convoke the General Assembly in extraordinary session. No authority has been presented, nor have we been able to discover any case taking a contrary view. This should

not be wondered at, since the conclusion is so obviously plain. See Farrelly *v.* Cole, supra, and cases cited.

The constitution places no limit upon the number of objects which may be stated by the Governor as the subject for legislation. To draw the opposite conclusion would be to assume that the makers of the constitution meant to require the Governor to convoke the General Assembly on as many separate extraordinary occasions as in his judgment there were subjects demanding legislation. Obviously this would be a strained and unreasonable construction of the language used in the constitution. "It is a canon of statutory construction that an absurd result is presumed not to have been intended by the lawmakers." We can not in justice and reason deny to the framers of the constitution the same presumption.

3. The ruling made in the third headnote requires no elaboration. *Judgment affirmed. All the Justices concur, except*

FISH, C. J., and ATKINSON, J., dissenting. For reasons stated in the dissenting opinion in the case of *Delaney* v. *Plunkett,* 146 *Ga.* 547 (91 S. E. 561), so much of section 16 of the act approved November 18, 1915 (Acts 1915, Ex. Sess., p. 90), as purports to inhibit the keeping on hand of liquors owned and possessed in this State, which were lawfully so owned and possessed prior to the first day of May, 1916, is violative of those provisions of the State and Federal constitutions which guarantee the right of private property and immunity from retroactive laws.

This case does not involve the constitutionality of section 20 of the act approved November 17, 1915.

This dissent is not intended to extend to the decision by the majority touching the legality of the assemblage of the legislature.

