## KRACKEN v. THE STATE.

1. Under section 16 of the act of 1915, passed at the extraordinary session of the General Assembly (Acts 1915, Ex. Sess. pp. 90, 99), it is unlawful for any person to receive, accept delivery of, possess, or have in possession at one time more than one class of the beverages named in the section, or any class in excess of the quantity therein limited.
2. The constitutional questions raised are settled adversely to the plaintiff in error in the cases of *Delaney* v. *Plunkett*, 146 *Ga.* 547 (91 S. E. 561, L. R. A. 1917D, 926), and in *Bunger* v. *State*, 146 *Ga.* 672 (92 S. E. 72).
3. Other assignments of error are without merit, and the evidence supports the verdict.

No. 202. August 16, 1917.

Accusation of misdemeanor. Before Judge Rourke. Savannah city court. July 1, 1916.

*Bouhan & Herzog,* for plaintiff in error.

*Walter C. Hartridge, solicitor-general,* and *T. B. Felder,* contra.

Evans, P. J. The defendant was tried on an accusation containing four counts, each charging a violation of the prohibition law, and was found guilty on the first, second, and fourth counts. He moved in arrest of judgment, and also for a new trial. Both motions were refused.

1. One assignment of error complains of an extract from the

court's charge construing section 16 of the act of 1915, passed at the extraordinary session of the General Assembly (Acts 1915, Ex. Sess. pp. 90, 99). That section reads as follows: "It shall be unlawful for any person to receive, accept delivery of, possess, or have in possession at one time, or within any period of thirty consecutive days, whether in one or more places, or whether in original packages or otherwise, (1) more than one gallon of vinous liquor, or (2) more than six gallons (48 pints) of malted liquors or fermented liquors, such as beer, lager beer, ale, porter, or other similar fermented or intoxicating or spirituous liquors either in bottles or other receptacles, or (3) more than two quarts of spirituous liquors or other intoxicating liquors, or other prohibited liquors beyond those named in subdivisions one and two, above." The court instructed the jury that it was unlawful for any person to possess more than one of the beverages named in the 16th section of the act, or one in excess of the quantity limited in that section. The plaintiff in error contends that it is permissible, under this section of the act, to possess any or all of the named classes of liquors in quantities limited therein. We think the language of section 16 is expressive of the legislative intent that it shall be lawful for any person to receive, accept delivery of, possess, or have in possession at one time, only one of the classes of liquors mentioned. The purpose of the statute was to lessen the evils of intemperance by forbidding the sale, etc., of all kinds of intoxicating liquors. This section is to be understood in the light of this general purpose. If the legislature had intended to allow the importation and possession at one time of all the classes of liquor mentioned in the section, the conjunction "and" would have been used. Instead of the word "and" the word "or" was used. The inference would seem to be clear that the legislative scheme was to allow each person to have in his possession one of the classes of liquor in given quantities, and not all of them in stated quantities at one time. We are aware that in the construction of statutes the word "or" may sometimes be read "and," whenever the change is necessary to give the statute sense and effect, or to harmonize its different parts, or to carry out the evident intention of the legislature. Black on Interpretation of Laws, § 67. Under this rule no excuse can be found for changing the disjunctive particle into a conjunctive particle. A statute will be given

that construction which attains its object, and the palpable object of this statute as expressed in the title is to "further mitigate the evils of intemperance, and to make more effective the laws touching the sale and keeping on hand of certain prohibited liquors and beverages," etc. The legislature intended to reduce the indulgence in intoxicating beverages to a minimum quantity, and the construction given the statute by the trial court is in harmony with that intent.

2. The constitutional questions raised are settled adversely to the plaintiff in error in the cases of *Bunger* v. *State*, 146 *Ga.* 672 (92 S. E. 72), and *Barbour* v. *State*, 146 *Ga.* 667 (92 S. E. 70).

3. Other assignments of error are without merit; and the evidence supports the verdict.

    . *Judgment affirmed. All the Justices concur, except*

BECK, J., dissenting. I dissent from the ruling made in the first division of the opinion in this case. I am of the opinion that the language of section 16 of the act of 1915, construed in that division of the opinion, is not susceptible of the construction given it.