## 9526. SOUTHERN EXPRESS COMPANY v. THE STATE.

1. The second count of the accusation in this case alleged all the facts necessary to charge a complete crime under section 1 of the act of November 15, 1915 (Ga. Laws, 1915, Ex. Session, p. 90), and the demurrer thereto was properly overruled.

2. Although it may not be necessary, in an accusation based upon the above-mentioned section, to name the agent of the express company who delivered the liquor, yet when the name is alleged it becomes "descriptive of the identity of that which is legally essential to the claim or charge," and can not be rejected as surplusage, but must be proved as alleged.

3. Where an accusation under the above-mentioned act names the agent delivering the second shipment of liquor, and the accused defends upon the idea that the person named in the accusation did not make the second delivery, but that it was made by another, and submits proof to sustain this contention, it is error for the court to ignore this theory of the defendant and refuse to give him the benefit thereof in the charge to the jury.

DECIDED NOVEMBER 16, 1918.

Indictment for carrying intoxicating liquor; from Dade superior court—Judge Tarver. January 9, 1918.

An indictment containing two counts was preferred against the Southern Express Company and W. J. Lloyd. On demurrer the first count was stricken. The second count is as follows: "In the name and behalf of the citizens of Georgia, further charge and accuse Southern Express Company, a corporation, and W. J. Lloyd, with the offense of misdemeanor, for that the said Southern Express Company and W. J. Lloyd, on the 3d day of June, in the year nineteen hundred and sixteen, in the county aforesaid, did then and there unlawfully and with force and arms, the Southern Express Company being engaged as a common carrier of freight for hire and the said W. J. Lloyd being the agent of said company at Morganville, Georgia, did then and there ship and transport and deliver to one Jim Hamler forty-eight (48) pints of malt liquors which had been shipped and transported from Chattanoo-

ga, Tennessee, by the Southern Express Company, when said malt liquors were intended to be used by the said Jim Hamler in violation of the prohibition laws of Georgia, in that said Jim Hamler then and there intended to receive and possess said liquors on said date when he had already within a period of thirty days, to wit, on May 5, 1916, he had received and possessed two quarts of spirituous liquors, and also on May 20, 1916, he had received and possessed and accepted delivery of forty-eight pints of malt liquors, all of which had been shipped and transported by the Southern Express Company from Chattanooga, Tennessee; and from without the State of Georgia, said W. J. Lloyd and the agent of said company at Morganville, Georgia, being the agent who delivered the forty-eight pints of malt liquors on May 20, 1916, and the forty-eight pints of malt liquors on June 3, 1916, and each delivery being made at Morganville office, and the defendants then and there knew and should have known on June 3, 1916, when they made last delivery of liquors, that Jim Hamler had already received all the liquors allowed him by law for that period, and that said delivery on June 3, 1916, was then and there unlawful, contrary to the laws of said State, the good order, peace and dignity thereof." The demurrer, as far as applicable to the second count, is as follows: "1. Because no offense is therein charged. 2. Because it is not alleged . . that the liquors therein mentioned were delivered to the said Jim Hamler without first taking the affidavit from the said Jim Hamler, the consignee, as provided by section 7 of the act approved November 17, 1915. The offense is to these defendants having committed if the liquors therein mentioned were delivered to the consignee without first requiring the consignee to make the affidavit provided by law. 4. It is not alleged, as it should be alleged, that affidavits were made by the said Jim Hamler, and that the affidavits disclosed that the delivery of the liquors would cause the said Jim Hamler, the consignee, to receive and possess within the thirty-day period liquors of a quantity forbidden by law, and the delivery of the liquors, because of this, was not made, and that delivery of said liquors was not withheld as provided by law, but were delivered after the making of the said affidavit, or in the absence of affidavits provided by law said liquors were delivered." The demurrer was overruled as to the second count, exceptions pendente lite were filed, and the case proceeded

to trial, and resulted in a verdict against the Southern Express Company.

*Robert C. & Philip H. Alston, Maddox, McCamy & Shumate,* for plaintiff in error.

*Joseph M. Lang, solicitor-general,* contra.

BLOODWORTH, J. (After stating the foregoing facts.)

1. The judge did not err in overruling the demurrer to the second count of the indictment, which is quoted above. If all that is alleged therein is admitted as true, the defendant would not be guiltless. This count is based upon the first section of the act of November 15, 1915 (Ga. Laws 1915, Extraordinary Session, p. 90) which is as follows: "Be it enacted by the General Assembly of Georgia, and it is hereby enacted by the authority of the same, that it shall be unlawful for any railroad company, express company, or other common carrier, or any officer, agent or employee thereof, or any other person or corporation, to ship or to transprt into or to deliver in this State, in any manner or by any means whatsoever, any spirituous, vinous, malted, fermented or other intoxicating liquors of any kind from any other State, Territory or District of the United States, or place non-contiguous thereto, subject to the jurisdiction of the United States, or from any foreign country, to any person, firm or corporation within the territory of this State, when the said spirituous, vinous, malted, fermented or other intoxicating liquors, or any of them, are intended by the person interested therein to be received, possessed, sold or in any manner used either in the original package or otherwise, in violation of any law of this State now in force, or of this act, or that may be hereafter enacted in this State, or take effect therein." Under the provisions of this section it is a misdemeanor (the penalty for the violation thereof being provided for in section 29 of the act) for any common carrier to deliver any of the liquors named therein when they "are intended by the person interested therein to be received, possessed, sold or in any manner used either in the original package or otherwise, in violation of any law of this State now in force, or of this act, or that may be hereafter enacted in this State, or take effect therein." See *Hendry* v. *State,* 147 *Ga.* 260 (2), 263 (93 S. E. 413). This act provides in section 16 that "it shall be unlawful for any person to receive, accept delivery of, possess or have in possession at one time, or within any period of

thirty consecutive days, whether in one or more places, or whether in original packages, or otherwise, (1) more than one gallon of vinous liquor, or (2) more than six gallons (48 pints) of malted liquors or fermented liquors, such as beer, lager beer, ale, porter or other similar fermented or intoxicating or spirituous liquors either in bottles or other receptacles, or (3) more than two quarts of spirituous liquors or other intoxicating liquors, or other prohibited liquors beyond those named in subdivisions one and two, above." It will thus be seen that for any person to have in his possession at any one time more than the amount of liquor prescribed by section 16 is a violation of the law, a violation of "this act." *Hendry* v. *State, supra.* See also *Kracken* v. *State,* 147 *Ga.* 198 (93 S. E. 198). It is therefore apparent that the allegations in the second count of the indictment made out a complete and legal charge. They show that the defendant did all of those acts which under the statute it is necessary to do to complete the crime.

The acts of delivery of liquors made crimes by the first and seventh sections of the act are entirely different and distinct. Section 1 makes the delivery of liquors unlawful when they are intended to be "received, possessed, sold, or in any manner used" in violation of law. Section 7, among other things, makes the delivery of liquors unlawful whether they are to be used for a lawful or unlawful purpose, "unless and until the consignee shall, before delivery, make an affidavit setting forth the name of the carrier or persons making such delivery, the place of delivery, the amount and kind of liquor to be received, the total amount and kind of such liquors received or possessed by him during the thirty days last past and that the affiant is over the age of twenty-one years and is of temperate habits with the details mentioned in the form below." Of course, if the liquors were delivered for a lawful purpose, and section 7 was complied with, this, if properly pleaded, would be a good defense to an indictment under section 1 of the act, if the defendant did not know, or by the exercise of ordinary diligence could not have discovered that the affidavit was false.

2. A necessary and essential element of the crime charged by the second count of the indictment is the delivery of intoxicating liquors within thirty consecutive days after a former delivery of such liquors. The indictment would be incomplete unless such delivery was alleged. Even though it might not have been nec-

essary in this count to have alleged the name of the agent who acted for the express company in delivering the liquor, yet when so alleged the name "is descriptive of the identity of that which is legally essential to the claim or charge" and can not be rejected as surplusage, but must be proved as alleged. "Bishop says : 'If the indictment sets out the offense as done in a particular way, the proof must show it so, or there will be a variance. And where there is a necessary allegation which cannot be rejected, yet the pleader makes it unnecessarily minute in the way of description, the proof must satisfy the description as well as the main part, since the one is essential to the identity of the other:' 1 Bishop's C. P. secs. 234, 235. If the prosecutor state the offense with unnecessary particularity, he will be bound by that statement, and must prove it as laid : United States v. Brown, 3 McLean R., 233 [Fed. Cas. 14666] ; Rex v. Dawlin, 5 T. R., 311." *Fulford* v. *State*, 50 *Ga.* 593. See *Pines* v. *State*, 15 *Ga. App.* 348 (2) (83 S. E. 198) ; *Caswell* v. *State*, 5 *Ga. App.* 487 (63 S. E. 566) ; *Crenshaw* v. *State*, 64 *Ga.* 449; *Berry* v. *State*, 92 *Ga.* 48 (17 S. E. 1006) ; *Woodson* v. *State*, 114 *Ga.* 848 (40 S. E. 1013) ; *Gully* v. *State*, 116 *Ga.* 527, 530, 531 (42 S. E. 790) ; *McLendon* v. *State*, 121 *Ga.* 158 (48 S. E. 902). Of course, the rule discussed above would not apply "if any unnecessary averments, disconnected with the circumstances which constituted the stated crime," be alleged. Such unnecessary averments need not be proved, but may be rejected as surplusage.

3. The indictment in this case charges that both deliveries of liquor were made by Lloyd. The defendant insists that this is not true, and supports its contention with evidence that the second delivery was made by one Highfield. Under these facts it was error for the court to ignore the contention of the defendant and to charge the jury that "the State insists that on June 3, 1916, the Southern Express Company, at its agency in Morganville in this county, delivered to one Jim Hamler 48 pints of malt liquors, and that at the time it delivered this malt liquor to Jim Hamler the agent or employee of the Southern Express Company making the delivery knew, or in the exercise of reasonable diligence ought to have known, that the same was intended by the said Jim Hamler to be seized and possessed in violation of the laws of this State, in that he had within thirty days, on May 20th, 1916, received a

similar shipment amounting to 48 pints of malt liquors, and that for these reasons the Southern Express Company is guilty of a misdemeanor." Especially was it error so to charge after the judge had said to counsel, in the presence of the jury, at the conclusion of the evidence: "I shall charge the jury if the deliveries made by the Southern Express Company, or any agent of the Southern Express Company, and at the time of the delivery the agent of the company knew or in the exercise of ordinary diligence ought to have known that he intended to possess it in violation of the prohibition laws of this State, that your client would be guilty irrespective of the allegation in the bill of indictment, so far as the allegations of the indictment that the deliveries were made by Lloyd are concerned. I hold, if the deliveries were made by any agent of the Southern Express Company, if not made by Lloyd, subject to the conditions I have stated, it would be in violation of the laws as contained in this act." For the error in the charge, pointed out above, the judgment must be

*Reversed. Broyles, P. J., and Harwell, J., concur.*