37058. ETCHISON *v.* THE STATE.

DECIDED FEBRUARY 24, 1958.

*Orrin Roberts*, for plaintiff in error.

*D. M. Pollock, Solicitor-General,* contra.

GARDNER, Presiding Judge. 1. In so far as the general grounds are concerned, should the case be tried again the evidence might be different, but should it be substantially the same as before, it would be sufficient to sustain a verdict of guilty.

2. Special ground 1 assigns error in that it is contended that the court failed to charge the jury the law relating to self-defense. The evidence shows that the defendant was on the premises in the first instance as the agent of his mother because of work which was to be done on the property by the deceased. The defendant followed the deceased into the house where the deceased went to procure an axe. It is our opinion that the evidence regarding this incident, as well as the whole circumstances surrounding the killing (not merely the defendant's statement), would have authorized a charge on self-defense. It will be noted that the court did not charge on self-defense, but did charge on one of the exceptions to this rule of law to the effect that where one leads another to believe he is about to be assaulted and thus creates an apparent emergency it would be no defense to him that the other party undertook to defend himself, and a struggle ensued. This principle of law is an exception to the self-defense rule. The court's failure to charge on self-defense, which was prejudicial to the defendant, taken in connection with his charge on the impropriety of creating and taking advantage of an apparent emergency, although correct in itself, is an example of the prejudicial result of charging only a part of the law relating to a subject. From the charge as a whole the jury was apprised only of those rules of law which would lead to conviction (the killing having been admitted) and not of the rules of law relating to the same subject matter which would lead to acquittal on the theory, equally justified, that the deceased rather than the defendant was the instigator of the quarrel. The emergency rule as charged was abstractly correct, and its charge would not have been error had the law of self-defense, to which it forms an exception, been charged. However, the failure to charge on the one while stressing the other rendered the whole charge inaccurate and prejudicial so far as the only defense in

230

the case, that of self-defense, is concerned. Special ground 3 is so interrelated to what is said in this division, that the same ruling applies to special ground 3.

3. Special ground 2. assigns error in that the court failed to charge, without a request, the law relating to the right of the defendant to protect his sister from injury. This question was not justified from the evidence and the court was correct in failing to charge this principle of law.

The court erred in denying the amended motion for a new trial.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*