## 50733. JOHNSON v. THE STATE.

EVANS, Judge.

Defendant was convicted of an affray and sentenced to serve twelve months. Motion for new trial was denied, and defendant appeals. *Held:*

1. A state witness, who was jointly indicted with defendant, testified that the defendant was the aggressor; that a fight resulted when defendant struck this witness (Kelley) with a cue stick in a poolroom. The defendant testified he never "fighted"; that Kelley was the aggressor and struck defendant with a cue stick without provocation.

2. Under the evidence the theory of self-defense (as to this defendant) was not involved, and the court did not

err in failing to charge that the theory of self-defense would be a defense to the charge of affray.

Defendant cites and relies upon *Hawkins v. State,* 13 Ga. 322, but there the defendant contended he was wrongfully assaulted and merely tried to defend himself. But in the case at bar the defendant does not contend that he struck one blow or did one single thing to defend himself. He simply contends that he was wrongfully beaten by his assailant; and never at any time testified or contended that he sought to defend himself. Hence, enumeration of error number 1 is without merit.

3. But enumeration of error number 2 gives us greater concern. Defendant contends before there can be an affray there must be an intent to fight on the part of both parties, and the trial court should have so charged the jury. There was ample evidence to show that fighting occurred by both parties, although defendant Johnson swore he was attacked and did nothing to repulse the attack, while Kelley swore he was attacked by Johnson. But a disinterested witness, Owen Adams, testified he saw both of them fighting, scuffling and with their arms around each other. This was enough evidence to warrant the jury's finding that fighting took place by both of the participants. While the court did charge in very general terms as to the definition of a crime being: ". . . a violation of a statute of this state in which there shall be a union of [sic] joint operation of act and intention of [sic] criminal negligence." If it was intended by this language to charge the provisions of Code Ann. § 26-201 (which section does set forth a clear definition of crime or misdemeanor), it missed the mark by using "of" in two places where the statute uses "or." But the court never did charge the jury that unless defendant *intended* to become involved in the "affray" in this case, he could not be convicted. He came very near to it when he charged defendant could be convicted if the jury found that: "Warren Johnson and Ray Kelley did . . . *unlawfully* fight together with each other in a public place." One may become involved in an affray; and may "fight together" with another in a public place without ever *intending* to be involved therein. It could not be unlawful to fight without the *intention* of doing so; and the automatic reflexes of any individual

would cause him to push back the thing that is about to destroy him. A drowning man will grasp at a straw, without any thought whatever of what he is doing; he is just doing what comes naturally. The judge used the word "unlawfully" but he should have explained that there must be *intent* before the act becomes unlawful.

4. The third enumeration of error contends the trial judge should have charged the jury that to convict, they must find the defendant was a "willing participant" in the fight, and not the victim of an "assault." There was ample evidence to warrant this charge; in fact this was the sole defense of defendant, who testified under oath that he was beaten with a cue stick by Kelley, but that he did not fight back. If the jury believed this version, he should have been acquitted. It has been held that the failure to charge on the sole defense in a criminal case is reversible error. *Smith v. State,* 109 Ga. 479, 480 (3) (35 SE 59), and at pages 484-485. Especially is this true where such sole defense is supported by sworn testimony. *Mason v. State,* 1 Ga. App. 534, 535 (6) (58 SE 139); *Southern Express Co. v. State,* 23 Ga. App. 67 (3) (97 SE 550).

5. Enumerations of error numbers 2 and 3 are meritorious and because of such errors a new trial must be granted and this case is reversed.

*Judgment reversed. Deen, P. J., and Stolz, J., concur.*

SUBMITTED MAY 21, 1975 — DECIDED JUNE 18, 1975.

*Ham, Mills & Freeman, W. Franklin Freeman, Jr.,* for appellant.

*Edward E. McGarity, District Attorney, Kenneth R. Waldrep, Assistant District Attorney,* for appellee.