## 58286. HOWARD v. THE STATE.

BANKE, Judge.

This appeal is from defendant's conviction of aggravated assault upon a police officer in the performance of his official duties. Code Ann. § 26-1302. The indictment alleged that the defendant struck the officer "with a deadly weapon, to wit: a certain 'night stick' used in a manner capable of causing death or great bodily injury . . ." The sole enumeration of error concerns the trial court's failure, upon timely written request to charge "that a 'night stick' used in the act of striking a person does not constitute a deadly weapon per se, but may or may not be a deadly weapon depending upon the facts and circumstances of the case, that is, upon the number of wounds inflicted, their severity, their location

on the body of the person attacked, the extent of the injuries done to the person attacked, and other facts and circumstances in the case as made apparent to you in the evidence."

The jury was charged that a deadly weapon "is any weapon which when used in the manner in which the jury finds it to have been used is capable of causing death or great bodily injury." He also made clear the jury's duty to determine whether the "night stick" was a deadly weapon or not. *Held:*

"It is no longer necessary to give the exact language of a request to charge when the same principles are fairly given to the jury in the general charge." *Burnett v. State,* 240 Ga. 681 (7) (242 SE2d 79) (1978). Where the principle or principles in the requested charge are substantially contained in the charge given, there is no error. *London v. State,* 142 Ga. App. 426 (236 SE2d 158) (1977). Since the jury was fully informed that their determination of whether or not the "night stick" was a deadly weapon would be based on the manner in which it was used, we find no error in the refusal of the defendant's written request on the issue.

*Judgment affirmed. McMurray, P. J., and Underwood, J., concur.*

SUBMITTED SEPTEMBER 24, 1979 — DECIDED OCTOBER 16, 1979.

*Vicki Affleck,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.