## 59686. JACKSON v. THE STATE.

MCMURRAY, Presiding Judge.

Defendant was indicted, tried, and convicted on two counts for the offenses of aggravated assault with a deadly weapon (a pistol), Count 1, and for carrying a pistol without a license, that is, on or about his person, outside his automobile and place of business, Count 2. As to the aggravated assault charge, defendant was sentenced to serve a term of ten years, the first five years to be served in confinement with the balance of said sentence to be served on probation with the payment of a fine of $2,000. As to the second charge of carrying a pistol without a license, he was sentenced to serve a term of twelve months, said sentence to run concurrently with the sentence imposed on the aggravated assault charge, that is, to be served on probation with the payment of a $250 fine. A total fine in the amount of $2,250 was to be paid at the combined rate of $10 per week beginning 30 days after release from confinement. Defendant moved for a new trial which was later amended and after a hearing, denied. Defendant appeals. *Held:*

1. After the defendant was arrested he made certain admissions to the arresting officer, both exculpatory and inculpatory in nature. On direct examination the officer was asked: "Did you ask him if he had a license for that pistol?" The officer testified that another officer called him from the hospital and instructed him to determine from defendant, before he (officer at the hospital) took out a warrant for the arrest of the defendant, if he (defendant) had a license for the

pistol, and further: "Mr. Jackson [the defendant] said he did not." The defendant contends that this was hearsay testimony, that is, what he, the defendant, had told the officer and that it had no probative value. However, this testimony is an admission against interest which was not objected to at the time of the question. While this was the sole evidence that he was carrying a pistol without a license made during the officer's investigation of the crime, this objection may not be considered for the first time in this court. *Coachman v. State,* 236 Ga. 473, 474 (2) (224 SE2d 36); *Johnson v. State,* 146 Ga. App. 277, 281 (246 SE2d 363); *Pittman v. State,* 133 Ga. App. 902, 906 (6) (212 SE2d 505). This enumeration of error is without merit.

2. All statements by the defendant to the police officer were made after he had been read his rights as to the occurrence in which he shot the victim with the pistol. Much of his testimony conformed with that of the other witnesses, that is, that he and the victim had been involved in a heated argument, that he left the scene and returned shortly thereafter, obtaining a .22 caliber pistol. He returned to the scene contending that he was going to ask the victim to repair his automobile. An argument was still going on. As he reached the porch steps, two men, the victim and another, "came out of the house and started after me." He told the officer that he backed up and tripped and fell "and then they jumped on me." He then continued that before he fell he fired several shots at the victim, got loose from them and "ran from them around the house across a plowed field into the woods and went home, got my car . . . and then to the Sheriff's Office." Counsel for the defendant made several written requests for charges on self-defense. The trial court in its order denying the amended motion for new trial was of the opinion that the evidence did not warrant a charge on self-defense. The court stated in the denial order that the evidence clearly showed that the defendant was the aggressor, "voluntarily placed himself at the scene of the crime, armed with a pistol, for the very purpose of confronting the victim . . . and when the victim emerged from the house [when called for by the defendant] . . . the defendant immediately began to shoot him." The trial court believed the evidence did not show that self-defense was available to defendant as an aggressor, citing Code Ann. § 26-902 (b) (Ga. L. 1968, pp. 1249, 1272). While as stated therein a person is not justified in using force against another even though he reasonably believes that force is necessary to defend himself or a third person against such other's imminent use of unlawful force if he "initially provokes the use of force against himself with the intent to use such force as an excuse to inflict bodily harm upon the assailant; or . . . is attempting to commit, committing, or fleeing after the

commission or attempted commission of a felony; or . . . was the aggressor or was engaged in a combat by agreement, unless he withdraws from the encounter and effectively communicates to such other person his intent to do so and the other notwithstanding continues or threatens to continue the use of unlawful force." The totality of the testimony shows that he had been assaulted or threatened by the victim with an ax. Defendant testified that the victim had damaged his automobile with the ax. The testimony shows that he returned home and obtained a pistol, intending merely to return to request the victim to repair the automobile. While the evidence is ample to show that he was the aggressor and the jury was authorized to believe this, nevertheless there was testimony from which the jury could have believed that he shot the pistol only when it was necessary to defend himself. This in effect was defendant's sole defense, and the trial court failed to charge. Failure to charge on self-defense when it constitutes the defendant's only defense is reversible error. *Etchison v. State,* 97 Ga. App. 227, 229 (2) (102 SE2d 615); *Johnson v. State,* 135 Ga. App. 360, 362 (4) (217 SE2d 618); *Smith v. State,* 109 Ga. 479, 480 (3), 484-485 (35 SE 59); *Mason v. State,* 1 Ga. App. 534, 535 (6), 538 (58 SE 139); *Southern Express Co. v. State,* 23 Ga. App. 67 (3) (97 SE 550).

The trial court erred in failing to charge on self-defense and in refusing to grant a new trial based thereon.

*Judgment reversed as to Count 1; judgment affirmed as to Count 2. Smith and Banke, JJ., concur.*

SUBMITTED APRIL 15, 1980 —
DECIDED JUNE 13, 1980 —

*Michael R. Jones,* for appellant.
*J. W. Morgan, District Attorney, Charles E. Day, Assistant District Attorney,* for appellee.