## 61957. DRAKE v. THE STATE.

Carley, Judge.

Appellant appeals from his conviction of aggravated assault.

1. The evidence supports the verdict. After a review of the entire

record, we find that a rational trior of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant enumerates as error the failure to give his written request to charge on the "lesser included offense" of "affray" as defined in Code Ann. § 26-2603. Assuming without deciding that appellant's contention that "affray" is a lesser included offense of aggravated assault is correct, (but see *Hooks v. State,* 138 Ga. App. 539 (1) (226 SE2d 765) (1976)), we find no evidence in the instant case which would authorize a charge on Code Ann. § 26-2603. There was absolutely no evidence that the unarmed victim was a "willing participant" in the incident. The victim was shown to have first been verbally provoked and then menaced by the knife-wielding appellant; the uncontroverted evidence further demonstrated that the victim's reactions thereafter were made entirely in his self-defense and did not constitute an unjustified assault against appellant. See *Hawkins v. State,* 13 Ga. 322 (1853); *Blackwell v. State,* 119 Ga. 314 (1) (46 SE 432) (1903); *Johnson v. State,* 135 Ga. App. 360 (217 SE2d 618) (1975). "[W]here the evidence shows that one of the parties acted entirely in self-defense, while the other assaulted and beat him, the aggressor may be guilty of an assault and battery, but neither of them guilty of an affray...." *Hawkins,* 13 Ga. at 324, supra. The evidence in the instant case shows conclusively that the victim was first attacked by appellant with a knife, that the unarmed victim's response was made entirely in self-defense, and thus, he was not a "willing participant" in an affray but rather the victim of an aggravated assault who was defending himself. The evidence demonstrating that the participants in the incident were the assailant-appellant and his self-defending victim rather than two willing participants in a fight, there was no error in refusing appellant's request to charge on Code Ann. § 26-2603, even assuming that "affray" is a lesser included offense of aggravated assault.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 21, 1981.

*C. P. Brackett,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.