## 72651. JENKINS v. THE STATE.

(348 SE2d 905)

BIRDSONG, Presiding Judge.

Ricky Jenkins, the defendant, appeals his conviction for the offenses of kidnapping and rape. The victim and her husband had an argument and he left their home to spend the remainder of the night at a gymnasium. The victim wanted to clear up the misunderstanding, so she walked to the gymnasium. They did not have a phone in their apartment and her husband refused to talk over the phone because of his hearing disorder. When the victim arrived at the gymnasium, she was unable to rouse her husband who had turned off his hearing aid. As she was returning home, the defendant drove by her and stopped. She said he pointed a pistol at her and said he would shoot her if she did not get in his car. Thereafter, he took her to a secluded place and raped her. The defendant said as he passed the victim, she beckoned to stop him and he stopped and asked if she wanted a ride. She accepted and they talked. She advised him she needed money to pay her rent and the defendant said he asked her if she would have sex with him for $50, and she accepted.

The victim testified that after she was raped she walked to the gym where her husband was staying and pounded on the door with a rock until he came to the door. She used the phone to call the Rape Crisis Center and they advised her to come to Grady Hospital. She asked her husband to take her home because she wanted to take a shower but could not get her blouse over her head because her arms had been injured. The victim's husband had to tear the blouse to remove it, and he demanded to know what was wrong. At that time, she told him she had been raped and he took her to the Rape Crisis Center. Later that afternoon, at approximately 6:00 p.m., the victim called the police and reported the rape but the officer said the victim was not certain she wanted to file a complaint. The officer said he advised her to think about it and call him back. She decided to file the report on the following day, a Saturday, but the officer was not on duty on Saturday and he asked the victim to come in on Monday.

The victim filed the rape report on Monday. The next afternoon the victim was in downtown Atlanta when she saw the defendant. She called the police and went with the officer in the police car and pointed him out. The officer said the defendant looked at him and "picked up his pace as he was walking." The officer dropped off the victim at a MARTA supervisor station and pursued the defendant on foot. He almost bumped into the defendant when he came out of a store. The defendant "froze in a startled way" and threw "a purse-like" object underneath a gas truck. The officer arrested defendant, handcuffed him, retrieved his purse from under the gas truck and then placed the defendant in his patrol car. A search of the purse

revealed marijuana. While on the way to the police station, defendant asked the officer why he was arrested and was informed, "possession of marijuana." Then defendant said "what has that lady got to do with it." The officer had not informed defendant of the rape complaint. Defendant admitted he had had intercourse with the woman, but maintained that it was with her consent and he had paid her for it.

Defendant appeals from the jury verdict of guilty, and the trial court's judgment entered on the verdict. *Held*:

1. Defendant contends the trial court erred in failing to charge on defendant's sole defense, "[c]onsent of the alleged victim to the sexual intercourse." The defendant's counsel made no request for any charge and when advised that he could except to the charge once the case was over, was asked, "do you have any exceptions at this time?" He responded: "I have no exceptions."

Pretermitting whether counsel has waived his right to object on appeal (see *Lumpkin v. State*, 249 Ga. 834 (10) (295 SE2d 86)), we find no error. Although it is error to fail to charge on an accused's "sole defense," even in the absence of a request therefor (*Pippins v. State*, 224 Ga. 462 (4) (162 SE2d 338); *Jackson v. State*, 154 Ga. App. 867, 869 (270 SE2d 76)), where the charge given is fair and complete and covers the applicable principles, it would not be error to fail to charge a written request on that subject. *Crawford v. State*, 236 Ga. 491, 493 (224 SE2d 365). If the defendant desired a fuller instruction, he should have requested it. *Billups v. State*, 236 Ga. 922 (1) (225 SE2d 887).

The indictment and the charge required the jury to find that defendant "did have carnal knowledge of [the victim] . . . forcibly and against her will. . . ." The court also charged that defendant was presumed innocent, and entered a plea of not guilty which denied "every essential element of the crime stated in [the] indictment," and that "intent is an essential element of any crime, and must be proved by the State beyond a reasonable doubt" for an accused "will not be presumed to act with criminal intent. . . ." In defining rape, the court instructed the jury "a person commits the offense of rape when he has carnal knowledge of a female, forcibly and against her will. . . ." We find the charge on rape to be full and fair and adequately covered the principle of consent. This enumeration is without merit. *Miller v. State*, 249 Ga. 96 (2) (287 SE2d 543).

2. Defendant claims error in the failure of the trial court "to charge the jury on the burden of proof in a criminal case involving circumstantial evidence." The trial court gave a charge on the distinction between direct and circumstantial evidence. No charge was requested on circumstantial evidence and no objection at trial was made on the instruction given. The charge referred to is the one con-

tained in OCGA § 24-4-6, that "to warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." "The general rule is that where the state relies solely on circumstantial evidence, it is reversible error to fail to charge on circumstantial evidence; however it is not error to fail to charge on circumstantial evidence where there is some direct evidence. *Johnson v. State*, 235 Ga. 486, 491-92 (220 SE2d 448)." *Whittington v. State*, 252 Ga. 168, 176 (313 SE2d 73). The state did not rely solely on circumstantial evidence in the instant case and it was not error to fail to give the charge.

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 9, 1986.

*Hardaway Young III*, for appellant.

*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, Joseph J. Drolet, Chris Jensen, Raymond C. Mayer, Assistant District Attorneys*, for appellee.