72964, 72965. REVBAR CORPORATION v. MARTHALER et al.
(349 SE2d 795)

DEEN, Presiding Judge.

Appellees, Steven and Ethel Marthaler, brought suit against appellant Revbar Corporation, doing business as Green's Lounge (hereinafter referred to as "Green's") for injuries arising from an alleged assault by several agents and employees of appellant. On the evening of September 26, 1984, appellees and two friends visited Green's. Although members of the party made several requests to the disc jockey for certain songs to be played, he failed to play any of them, and the group decided to leave. As they were arising from the table, Steven Marthaler voiced his disgust with the disc jockey, who did not hear

appellee. One of appellant's bouncers, however, heard appellee, and words were exchanged between appellee and the bouncer. A second bouncer joined the first, dragged appellee out the door, and threw him on the ground. When appellee attempted to get up, the bouncers threw him against a car and began hitting him in the ribs, face, and eye with their fists. Ethel Marthaler asked a third bouncer to stop the other two, but he hit her in the chest, knocking her to the pavement and rendering her unconscious. Appellees were taken to the hospital emergency room. Ethel Marthaler was admitted as an in-patient for one night and suffered from nausea, headaches, and nightmares. Steven Marthaler sustained a scar over his right eye.

A jury awarded Ethel Marthaler $18,106.98 in damages and $12,893.02 in damages to Steven Marthaler. Appellant now contends that the trial court erred in failing to charge the jury with two of appellant's requested charges.

1. Citing *Gaines v. Wolcott*, 119 Ga. App. 313, 314 (167 SE2d 366) (1969), appellant contends that the trial court erred in refusing to give the charge that appellees could not recover if the Marthalers were engaged with appellant's employees in "the simultaneous and wilful violation of the same penal statute" unless the violation of the statute was not a contributing cause of the injuries sued for. Appellant's reliance on *Gaines* is misplaced. In *Gaines*, appellant conspired with appellee chiropractor to perform an illegal abortion and is therefore distinguishable from the present situation. Also, "a requested charge should be given only when it embraces a correct and complete principle of law which has not been included in the general instructions given and where the request is pertinent and adjusted to the facts of the case." *Gates v. Southern R. Co.*, 118 Ga. App. 201, 204 (162 SE2d 893) (1968). Appellant did not cite a relevant penal statute in the request or even at the trial. Review of a charge on appeal is limited strictly to the grounds of objection stated at the trial. *Fidelity-Phenix &c. Ins. Co. v. Mauldin*, 123 Ga. App. 108, 111 (179 SE2d 525) (1970). As an objection, appellant stated only that the request was "adjusted to the facts and a proper statement of the law in the case." Only on appeal does appellant cite OCGA § 16-11-32, which states that fighting by two or more persons in some public place to the disturbance of the public tranquility is a misdemeanor. Even if this statute had been cited in the request, it would not be applicable to the facts of the case. " '(W)here the evidence shows that one of the parties acted entirely in self-defense, while the other assaulted and beat him, the aggressor may be guilty of an assault and battery, but neither of them guilty of an affray. . . .' " *Drake v. State*, 159 Ga. App. 606, 607 (284 SE2d 109) (1981) citing *Hawkins v. State*, 13 Ga. 322 (1853). Finally, appellant's request was covered in the general charge. It is no longer necessary to give the exact language of a re-

quest to charge when the same principles are fairly given to the jury in the general charge. *Howard v. State*, 151 Ga. App. 759, 760 (261 SE2d 483) (1979). For the above reasons, the trial court was correct in denying this request.

2. Appellant contends that the trial court erred in refusing to give the charge that "where two parties are engaged in the same illegal transaction and one is injured by the carelessness of the other, courts will not lend their assistance to either party to recover damages. . . ." For the reasons stated in Division 1, the trial court did not err in not charging the jury with this request. The cases relied upon by appellant are not applicable. The request was not an accurate statement of the law because there was no evidence of an illegal transaction. A request to charge must contain "a perfect statement of the law applicable to the question dealt with." "The word 'transaction' is applicable generally to business affairs and to doings, proceedings, and negotiations affecting property rights, contracts, agreements, and the negotiations resulting in contracts and agreements, and in the transfer of titles, or the obligation of one or both of the parties to do certain specified things. . . ." *Tanner v. State*, 161 Ga. 193, 198 (130 SE 64) (1925). Appellant's objection that the requested charge "was adjusted to the facts and a proper statement of the law in this case" is incorrect. For these reasons, the trial court properly denied this request to charge.

*Judgment affirmed. Benham, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur fully in Division 1 and in the affirmance but cannot concur in all that is said in Division 2.

DECIDED OCTOBER 15, 1986.

*Peter K. Kintz*, for appellant.
*Lloyd W. Hoffspiegel*, for appellees.