A96A1159. JEFFERSON CONSULTANTS, INC. et al. v. JEFFRIES.

(474 SE2d 262)

BEASLEY, Chief Judge.

Dr. Jeffries brought this action against Jefferson Consultants, Inc., Koons, and Shimshick, seeking actual and punitive damages for

professional negligence and breach of contract. The jury awarded actual damages against Jefferson and Shimshick in the amount of $7,500 and against Jefferson and Koons in the amount of $110,163.53, but no punitive damages. Defendants appeal the final judgment.

Jeffries retained the services of the company and two of its principals, Koons and Shimshick, to perform consulting engineering services in connection with his purchase of property and construction of a medical office building. Shimshick, a registered land surveyor, prepared a boundary and topographic survey for Jeffries prior to his acquisition of the property. Among other things, this survey showed existing water lines. Koons, a professional engineer, prepared a drainage plan, hydrological study, and retention pond design. The complaint alleged an erroneous identification of the existing water line by Shimshick and a faulty design of the drainage system by Koons.

Plaintiff presented evidence that Shimshick's survey showed the city water line as being at one location whereas it was actually at another, and this required an extension of the water line for the project at additional expense. Other evidence presented by plaintiff showed that the actual amount of water draining onto the property from off the site is approximately four to six times greater than the expected runoff identified in Koons' hydrological study, and, because of resultant flooding problems, the drainage system had to be redesigned. The defense was based on evidence that the identification of the water line in Shimshick's survey was correct and that the flooding problems were caused by a change in building elevation unapproved by Koons.

1. Defendants challenge the jury instruction on the tort of negligent construction.

The court charged the jury "that in this case the plaintiff claims that the defendants acted negligently in their design and preparation of the plans and drawings for the plaintiff's medical building. This claim is generally referred to as negligent construction." Defendants objected to this charge on the ground that there was no evidence they participated in any construction. Our review is limited to this ground of objection. *Revbar Corp. v. Marthaler*, 180 Ga. App. 559, 560 (1) (349 SE2d 795) (1986).

Unquestionably, an action may be brought against professional engineers and land surveyors for negligence in their design and preparation of plans and drawings used in the construction of a building and other improvements to property. See *Mullis v. Southern Co. Svcs.*, 250 Ga. 90 (296 SE2d 579) (1982); *Southeast Consultants v. O'Pry*, 199 Ga. App. 125 (404 SE2d 299) (1991). It is undisputed that defendants prepared such plans and drawings. Even if the court mis-

takenly denominated the claim as one of negligent construction rather than survey and design, no harm appears. The court described what acts expressly were allegedly negligent, which the jury had to decide thus pinpointing the issues. Moreover, there is evidence that defendants did participate in the construction process by consulting with the contractor while the work was in progress and determining such things as the building site and the retention pond site. Their employee was project manager for the defendants. The enumeration fails.

2. Defendants also challenge the jury instruction on the issue of punitive damages.

The jury verdict in favor of defendants on plaintiff's claim for punitive damages rendered any error harmless. *Ga. Power Co. v. Hinson*, 179 Ga. App. 263, 266 (2) (346 SE2d 73) (1986).

3. Plaintiff has filed a motion for imposition of ten percent damages for frivolous appeal pursuant to OCGA § 5-6-6, which is granted. The trial court shall add this amount to the judgment on a remittitur.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

Decided July 30, 1996.

*Wood, Odum & Edge, Gus L. Wood III*, for appellants.
*Rodney L. Eason*, for appellee.